MILNER, administrator, *v.* BURRUS.

Where by order of court the movant for a new trial was allowed until a subsequent term to complete a brief of the evidence, and he completed it accordingly, yet if he did not present it to the judge for approval at that term, the judge was not bound to approve it when presented to him at the second term thereafter. And it was

not error to dismiss the motion at the latter term for want of an approved brief of the evidence. Continuing the motion from term to term would not dispense with presenting the brief for revision and approval within the time allowed by the order, unless the judge thought proper to revise and approve it notwithstanding the lapse of time. He was not bound to do so.

July 7, 1890.

New trial. Practice. Before Judge Smith. Muscogee superior court. November adjourned term, 1888.

Reported in the decision.

Akin & Harris, J. M. Neel and A. A. Dozier, for plaintiff.

No appearance *contra*.

Bleckley, Chief Justice.

The case was tried at the May term, 1887, and resulted in a verdict for the claimant. A motion for a new trial was made by the losing party, and by order of court the movant was allowed till the next term to complete a brief of evidence, and it was completed accordingly, but not then presented to the judge for revision and approval. Nor was it so presented until the second term thereafter, up to which time the motion had been regularly continued, once at the suggestion of the court itself. As the continuances had been regular, no doubt it was in the power, legally speaking, of the judge to revise and approve the brief of evidence, although it had been withheld from his inspection for so long a time after the trial and until so late a period in the pendency of the motion. But we know of no law which obliged him to exercise this power. In order to revise the brief and guarantee its correctness, he was entitled to have it presented whilst the evidence as given at the trial had some freshness in his recollection. No doubt it was because this freshness had been lost that he declined to approve the brief after so long an interval had elapsed, not only after the trial, but after the

term of court at which the brief was actually completed. The delay in presenting it is wholly without explanation. The record exhibits no fact tending to justify or offered as a justification, nor does the judge disclose the particular reason of his refusal to approve the brief; but as we can divine a good and sufficient reason by merely recognizing the natural law of memory by which its distinctness and certainty of past impressions frequently fade out with the lapse of time, it is due that we should give him credit for acting under the influence of that reason or some other equally good, and we do so accordingly. Without noticing any other ground embraced in the motion to dismiss the motion for a new trial, we hold that the order of dismissal was justified by the one ground that the brief of evidence had not been approved. *Pease* v. *Pease*, 66 *Ga.* 277, cited in *Moxley* v. *Kinloch*, 80 *Ga.* 47. *Judgment affirmed.*