## WHITTON v. REID.

Though an order setting a motion for a new trial for a hearing in vacation and directing that "the brief of evidence be presented for approval on or before the date aforesaid, or in default thereof the motion will be dismissed," may confer upon the judge authority to approve the brief at the hearing; and though in case of such approval this action of the judge may be treated as the equivalent of filing the brief in the clerk's office, yet where the judge distinctly declines to approve the brief at the hearing and dismisses the motion on the ground that the brief of evidence was not duly filed in the clerk's office,.the judgment will not be reversed.

Argued October 9, —Decided November 1, 1899.

Motion for new trial.    Before Judge Janes.    Haralson superior court.    February 11, 1899.

*E. S. & G. D. Griffith*, for plaintiff in error.

COBB, J.   The case of Reid v. Whitton was tried at a term which lasted longer than thirty days.   During the term and within thirty days from the trial a motion for a new trial was filed by the losing party, and an order was passed of which the following is a copy :    "Ordered that the plaintiff show cause before me at such time and place as the court may fix, after notice of ten days to each party or their attorneys, why the foregoing motion should not be granted.   Let the brief of evidence be presented for approval on or before the date aforesaid, or in default thereof the motion will be dismissed."   The motion came on for a hearing on a day more than thirty days from the date of the trial.   A brief of evidence was presented for approval on that day, but, the same not having been filed within thirty days from the date of the verdict, the judge declined to approve it, and upon motion dismissed the motion for a new trial on this ground.   To this ruling the movant excepted.

There being nothing in the order passed by the judge in regard to the hearing of the motion for a new trial which allowed

the movant more than thirty days in which to file the brief of evidence in order to perfect the motion for a new trial, it was essential that the brief should be filed within thirty days. When thus filed it was in a condition to be presented for approval under the terms of the order. Until it was actually filed in the clerk's office or some action taken by the judge which would be equivalent to a filing, the brief of evidence was not ready to be presented for approval, and when presented in this condition the judge was not required to approve the same or to pass any order concerning it. It is true that in the cases of *Hightower* v. *George*, 102 *Ga.* 549, and *Malsby* v. *Young*, 104 *Ga.* 205, it was held that if the judge approved the brief and passed an order directing it to be filed, this was the equivalent of a filing. In the present case the judge did not approve the brief or pass any order directing it to be filed, but declined to do either. The brief when presented not having been filed, and the judge having taken no action which would, under the rulings above referred to, dispense with the actual filing in the clerk's office, there was no error in dismissing the motion for a new trial for the want of a brief of evidence filed according to law.

*Judgment affirmed. All the Justices concurring.*