DUBLIN HAME WORKS *v.* ROSS-MEHAN FOUNDRY CO.

1. It was not error to dismiss a motion for a new trial, where no brief of evidence was made out and tendered for approval within the time prescribed by the order of the judge.
2. The pleas stricken were subject to the demurrers made thereto.

Submitted April 24,—Decided May 17, 1907.

Certiorari. Before Judge Lewis. Laurens superior court. February 1, 1906.

The Ross-Mehan Foundry Company sued the Dublin Hame Works on account, for the purchase-price of certain hame hooks, rings, loops, staples, etc., alleged to have been sold and delivered by plaintiff to defendant, and of the aggregate value, at the prices named, of $533.45. Defendant filed several pleas, among them being the breach of an implied warranty, in that the articles sold were not merchantable and reasonably suited to the use intended, because they were not made of sound, malleable iron, but were brit-

tle and unsound, were not smoothly manufactured, and were full of flaws, which defects were not discoverable until after the articles had been used in manufacturing hames. Other pleas were as follows: "6. . . Defendant further says . . that a large part of [the articles in question] were manufactured by this defendant into hames at a great expense to this defendant, but when said hames were so manufactured they were not marketable, on account of said defective iron, and many of them were returned to this defendant, and many of them this defendant was unable to sell, on account of said defective condition,—that this defendant · has been put to a large expense in said manufacture, to wit, the sum of five hundred dollars, which this defendant pleads as a recoupment against plaintiff's demand. 7. Defendant further says, that by reason of said defective iron this defendant's reputation as a manufacturer has been damaged and the sale of its manufactured product injured, to the damage of this defendant in the sum of five hundred dollars; which this defendant pleads as a recoupment against plaintiff's demand." Plaintiff demurred to all the pleas, the grounds of demurrer to the 6th and 7th paragraphs of the answer, quoted above, being, that the damages therein alleged were consequential, and too remote and uncertain to be recovered; and that the 6th paragraph of the answer did not definitely allege the number and value of the hames alleged to have been returned to defendant by its customers. The demurrer was sustained as to the 6th and 7th paragraphs of the answer, and overruled as to the other pleas. Defendant excepted pendente lite to the ruling of the court in so far as it sustained the demurrer. Upon the trial a verdict was rendered for the plaintiff for $400 and interest. Defendant made a motion for a new trial, which was dismissed because no brief of the evidence was presented to the judge for approval within the time prescribed by the order of the court. Defendant sued out a bill of exceptions, assigning error upon the dismissal of the motion for a new trial, and upon the exceptions pendente lite.

*James B. Hicks* and *Akerman & Akerman,* for plaintiff in error. *Peyton L. Wade,* contra.

FISH, C. J. (After stating the facts.)

1. The judge's order dismissing the motion for a new trial recites that the movant had failed to make out and tender a brief of evidence for approval by the court within the time prescribed by

a previous order. This being true, of course the motion was properly dismissed.

2. The court did not err in striking, on demurrer, paragraphs 6 and 7 of the answer. If the defendant was damaged because it manufactured, at an expense of five hundred dollars, a large part of the articles purchased from the plaintiff into hames, and lost the cost of manufacturing many of these hames, because, after being sold, they were returned by the customers who had purchased them, and lost the cost of manufacturing many others because it was unable to sell them, it was necessary, in order for the damages thus sustained to be estimated, that the total number of hames manufactured, the number that the defendant sold and had to take back, and the number which it was unable to sell, should be disclosed. From the plea it did not appear that the expense of manufacturing the hames was a total loss to the defendant, but only that it lost the cost of manufacturing an undisclosed number of them, simply designated by the indefinite word "many," in the plea. This plea was demurred to upon the ground that it was "too vague and uncertain and [did] not definitely set up or show the amount or value of the goods alleged to have been thrown back on defendant's hands by reason of defective iron." The plea was "too vague and indefinite," and while the demurrer, when it undertook to point out wherein it was vague and indefinite, did so only as to one of the allegations of the plea, it was sufficient to call for more specific and definite allegations as to damages sustained by defendant in consequence of having used the materials purchased of the plaintiff in the manufacture of hames. It is very clear that the mere general allegation that defendant's reputation as a manufacturer, and the sale of its manufactured products, were injured in the sum of five hundred dollars, by reason of the defective condition of the articles which it purchased from the plaintiff and used in manufacturing such products, set forth no data from which such damages could be computed.

*Judgment affirmed. All the Justices concur.*