### PEAGLER *v.* DAVIS.

1. After a verdict the losing party, during the term of court, made a motion for a new trial. He took an order setting the hearing for ten o'clock on a stated day in vacation. The order also recited that it was impossible to make out and complete a brief of the testimony before the adjournment of court, and declared that the movant should have until the same date and hour above specified to prepare and present to the court for approval a brief of the evidence, and directed that a copy of such brief should be served on the respondent or his counsel. On the date fixed for the hearing an order was taken, to which the written consent of counsel was attached, and which recited that, it appearing that counsel for the movant could not be present on that date, and that a copy of the brief of evidence had been served upon the counsel for respondent, "the original of which has been filed in the clerk's office of Taylor superior court, and that counsel for both movant and respondent have consented thereto, it is ordered that said motion be continued and set for a hearing" on another named date. On the last date so fixed counsel for the respondent moved to dismiss the motion for a new trial, on the ground that the brief of evidence was not pre-

sented to the court for approval by ten o'clock of the date first fixed for a hearing by the original order. This motion was sustained. *Held*, that this was error. By the consent order, containing the recitals above mentioned, respondent and his counsel were estopped from moving to dismiss the motion for a new trial on the ground that a brief of evidence was not tendered to the presiding judge for approval by ten o'clock on the date first fixed for a hearing.

2. From the order dismissing the motion for a new trial it may be inferred that it was not dismissed as a matter of discretion because, by reason of the delay in the presentation of the brief of evidence to the presiding judge, he was unable to recall what had transpired at the trial or to approve the brief of evidence; but the dismissal was apparently based on the ground alone that the movant had not complied strictly with the terms of the first order.

JUNE 14, 1916.

Motion for new trial. Before Judge Gilbert. Taylor superior court. July 5, 1915.

At the April term, 1915, of Taylor superior court a verdict was rendered in favor of Davis against Peagler, claimant. On April 8 the claimant made a motion for a new trial. An order to show cause was taken, and the motion was set for a hearing at ten o'clock on May 8, in vacation. It was recited that it was impossible to make out a complete brief of the testimony before the adjournment of court, and it was ordered that movant have until May 8, at ten o'clock, to prepare and present to the court for approval a brief of the evidence, and that a copy of such brief should be served on the opposite party or his counsel. On May 8 the following order was taken: "The above-stated motion for a new trial having been set for a hearing on the 8th day of May, 1915, at chambers, in Columbus, Ga., and it appearing that counsel for movant can not be present on this date at said hearing, and that a copy brief of evidence has been served upon the counsel for respondent, the original of which has been filed in the clerk's office of Taylor superior court, and that counsel for both movant and respondent have consented thereto, it is ordered that said motion be continued and set for a hearing on the 29th day of June, 1915, at chambers in Columbus, Ga." To this order was attached a written consent of counsel for both parties that it should be granted. When the motion came on for a hearing at the time to which it had thus been continued, counsel for respondent moved to dismiss it on the ground that the brief of evidence was not presented to the court for approval by ten o'clock on May 8, as pro-

vided in the original order. The court sustained the motion, and dismissed the motion for a new trial. The movant excepted.

*Jule Felton* and *Walter E. Steed,* for plaintiff in error.

*C. W. Foy,* contra.

LUMPKIN, J. (After stating the foregoing facts.) In the consent order, with its recitals, the idea was involved that the hearing should be continued with a brief of evidence in a condition authorizing a continuance of the whole matter. On the day when the order was taken the brief of evidence could have been formally tendered to the judge for his approval. Presumably the recitals in the consent order were intended to have some effect. After the hearing had been carried over, under such circumstances, from the day first set therefor, to allow a motion to dismiss the motion for a new trial to prevail, on the ground that the brief of evidence had not been formally tendered to the judge on the day when the order was taken, would apparently have the effect of permitting counsel for the movant to be lulled into a sense of security, and then dismissing the motion because of their non-action. The presiding judge filed an opinion in connection with sustaining the motion to dismiss the motion for a new trial, from which we think it is evident that he did not dismiss it as a matter of discretion because of any laches on the part of the movant's counsel, which rendered it impracticable or more difficult for him to approve the brief of evidence on the second day fixed for the hearing. Rather, as we infer from his opinion, he entertained the view that, as matter of law, it was his duty then to dismiss it. In this view we can not concur. Relatively to the court there should not be a wilful or negligent failure to comply with his order. A mere continuance of the hearing, without more, does not ipso facto operate to allow, as matter of right, more time to tender the brief for approval, or prevent the presiding judge from exercising his discretionary power in dismissing the motion. The judge is not required to approve a brief of the evidence where such a length of time has elapsed that he is unable to call to mind what transpired at the trial. Several cases may be found where the judge exercised his discretion in dismissing a motion for a new trial when the movant did not comply with the order of the court in regard to the tender of the brief of evidence for approval, or where by reason of lapse of time it had become difficult, if not impracticable, for the presiding judge to

approve the brief of evidence when finally tendered. While in some of the decisions the fact that the judgment dismissing the motion for a new trial was based upon the discretion of the presiding judge does not distinctly appear, yet a careful examination of the various cases will show a line of demarkation between those in which the presiding judge in fact exercised his discretionary power in dismissing the motion for a new trial because of a failure to present a brief of the evidence or a delay in so doing, and those in which the ruling was based upon the asserted legal right of the respondent to insist on such a dismissal. As illustrating the two classes of cases see *Milner* v. *Burrus,* 85 *Ga.* 642 (11 S. E. 1029); *Central Railroad & Banking Co.* v. *Pool,* 95 *Ga.* 410 (22 S. E. 631); *Whitton* v. *Reid,* 109 *Ga.* 174 (34 S. E. 309); *Mayor & Council of Brunswick* v. *Davenport,* 131 *Ga.* 465 (62 S. E. 584).

The respondent may waive any right on his part to insist on strict compliance with the order as to the time for presenting the brief of evidence for approval, or may by his conduct estop himself from urging such contention. *Moxley* v. *Kinloch,* 80 *Ga.* 46 (7 S. E. 123); *Central Railroad & Banking Co.* v. *Keller,* 94 *Ga.* 721 (21 S. E. 580). We think that the consent order taken in this case on the day which had been fixed for the presentation of the brief of evidence for approval, and for the hearing of the motion, containing the recitals above mentioned, should be held to have that effect so far as the respondent and his counsel are concerned.

The court cited two cases in support of his judgment dismissing the motion for a new trial: *Dublin Hame Works* v. *Ross-Mehan Foundry Co.,* 128 *Ga.* 399 (57 S. E. 683), and *Milltown Lumber Co.* v. *Lastinger,* 137 *Ga.* 104 (72 S. E. 892). In neither of those cases was there a consent order containing recitals similar to those here involved. In the former the time was fixed by order within which a brief of evidence should be made out and tendered for approval; and this was not done. It does not appear that there was any effort to prepare and tender a brief of the evidence; but apparently there was simply a bald failure to comply with the order of the court. In the latter case a motion for a new trial had been set for a hearing on a certain date in vacation. On that date counsel entered into a written consent to continue it to another date; and the judge passed an order setting the hearing for the agreed date, and allowing the movant until such date to make out

and file a brief of the evidence. This was not done. On the second date so fixed the judge, by agreement, passed an order declaring that the "motion for a new trial stands continued until" another named date in vacation. It does not appear that the last order continuing the hearing alone made any reference to the brief of evidence or recognized it as in existence and as having been filed, or that anything had been done in regard to it, as required by the former order. On the day to which the hearing was continued the motion was dismissed because there had been no compliance with the order of the court as to the presentation of the brief of evidence for approval. It will be seen that the order in that case was quite different from the one now under consideration. It was there admitted that a brief of evidence had been agreed upon by counsel on Sunday, sixteen days after the time when the order had required that it should be tendered to the judge for approval, and that the agreement bore a fictitious date, antedating that fixed by the order, and there was an entry of filing dated as of the date when the brief of evidence should have been tendered for approval. Under these facts the presiding judge dismissed the motion for a new trial, and this court held that the judgment would not be reversed. The difference between the two cases is plain.

*Judgment reversed. All the Justices concur.*