## WOMACK v. WOMACK.

PER CURIAM. Where a motion for new trial was duly filed on June 12th, 1917, and at the time of filing the motion a brief of evidence was filed under an order by the judge, providing "that this brief of evidence be filed subject to approval on trial of motion for new trial," it was erroneous to dismiss the motion for new trial when the same came on to be heard on March 15th, 1919, "for failure to furnish a brief of the evidence." Civil Code, § 6089.

(a) The brief of evidence having been filed as indicated above, the case does not fall within the principle of those cases where no brief was filed but an order was taken to file a brief of evidence within a given time.

(b) The judgment rendered by the court was not affected by the following explanatory note of the judge, attached to the bill of exceptions: "What was presented as a brief of the evidence has never been approved by the court. Messrs. James & Bedgood did not try the case, and Mrs. Womack's attorney who did try it contended that the brief was in fact no proper

presentation of what was the evidence. The matter was delayed and neglected by both sides; and while the order stated it was dismissèd for failure to file a brief of the evidence, I really was worn out by the delay, and dismissed it for want of attention. The motion was filed 12th June, 1917, and dismissed March 15, 1919."

*Judgment reversed. All the Justices concur, except HILL and GILBERT, JJ., dissenting.* Where a motion for new trial and a purported brief of evidence were filed as stated in the foregoing head-note, and the motion was not heard at the date named for the hearing, but went over from term to term for nearly two years, and the brief of evidence was never approved by the judge, it not appearing that any effort was made by the movant to secure an approval, and the judge dismissed the motion for new trial "for failure to furnish a brief of the evidence," the judgment dismissing the motion should not be reversed. The judgment passed by the court was tantamount to a dismissal on the ground that the brief presented was not considered correct by the court, and that the delay rendered it impossible for the judge to supply the facts from his own memory. Filing alone of a brief of evidence is not sufficient; the approval of the court is indispensable. *Pease* v. *Pease*, 66 *Ga.* 277; *Usry* v. *Phillips*, 68 *Ga.* 815; *Milner* v. *Burrus*, 85 *Ga.* 642 (11 S. E. 1029).

No. 1460. OCTOBER 16, 1919.

Motion for new trial. Before Judge Ellis. Fulton superior court. March 15, 1919.

*James & Bedgood,* for plaintiff in error.
*Neufville & Neufville,* contra.