## DORSEY *v.* CLARK, warden.

No. 11439. NOVEMBER 11, 1936.

*Reuben A. Garland,* for plaintiff.

*John A. Boykin, solicitor-general, J. W. LeCraw,* and *E. E. Andrews,* for defendant.

BECK, Presiding Justice. To an accusation charging him with possessing intoxicating liquors the plaintiff in error, Dorsey, pleaded not guilty, and was convicted. To another accusation

charging him with possessing and selling whisky he pleaded guilty, and was duly sentenced and taken in custody by the proper officials. Seeking to be released from custody, he filed his petition for the writ of habeas corpus, which was denied, and he was remanded to custody.

■ In *Reynolds* v. *State*, 181 *Ga*. 547 (182 S. E. 917), where the same statute was under attack as in this case, this court said: "It is wholly unnecessary to decide the constitutional question raised. This is true for the reason that even if the General Assembly could not submit to the people the question whether or not the act should become a law, it is clearly apparent that there was no intention on the part of that body to put the act in force as a statute without a vote of the people, as provided by its terms. Assuming, therefore, that the referendum features were invalid, there was still no repeal of the previous law. If a statute is in part constitutional and in part unconstitutional, and the objectionable portion is so inseparably connected with the general scheme that, in the event it should be stricken, effect can not be given to the intention of the legislature, the result will be that the whole act fails. . . It follows that whether the act of 1935 failed to become a law either by reason of the negative vote of the people or from the invalidity of the provision for referendum, it is wholly nugatory as a repealing statute, and the previous law remained of force." In view of that ruling, the attacks, upon constitutional grounds, upon the statute of March 22, 1935, known as the alcohol beverage-control act (Ga. Laws, 1935, p. 327), need not be passed upon, inasmuch as the prior law prohibiting the acts with which the plaintiff in error was charged in the accusation referred to made those acts of his unlawful and criminal. If the act of 1935 was unconstitutional, the prohibition act of 1915, and the act of 1917 amending and supplementing it, remained of force.

■ The court did not err in striking certain of the offered amendments to the original petition. No error is shown in the court's ruling as to the admission of certain evidence offered by the plaintiff. The other exceptions were without merit.

*Judgment affirmed. All the Justices concur.*