## 25715. PENNSYLVANIA LUMBERMEN'S MUTUAL FIRE INSURANCE COMPANY *v.* MAGID OF TALLULAH INCORPORATED.

STEPHENS, J. 1. An order passed in term time, setting the hearing of a motion for new trial for a specific date, and providing that the movant be allowed to present a brief of evidence "at the time of the hearing of this motion for new trial," gave the movant the right to present for approval a brief of evidence on the date of the hearing of the motion, whenever this might be, notwithstanding the motion might be heard at a date subsequent to that in the order. *Womack* v. *Womack*, 149 *Ga.* 496 (100 S. E. 570). Where the motion came on for a hearing in term time, at a date subsequent to that set by the order, and it appeared that a brief of evidence had been offered, approved, and filed at a date subsequent to that set for the hearing, it was not error to overrule a motion by the respondent to dismiss the motion for new trial, on the ground that no brief of evidence had been filed and approved within the time fixed by the order or within the time allowed by law.

2. Where a verdict for the plaintiff was rendered, and there was evidence from which the jury could have found a larger amount, and there was no exception by the defendant, but only the plaintiff moved for a new trial, the first grant will not be reversed on the ground that there was no liability against the defendant, and that the verdict was demanded as a matter of law.

DECIDED NOVEMBER 19, 1936.

ADHERED TO ON REHEARING DECEMBER 18, 1936.

*Smith, Smith & Bloodworth,* for plaintiff in error.
*Walkins, Grant & Walkins,* contra.

ON REHEARING.

STEPHENS, J. (After stating the foregoing facts.)

1. The exception to the overruling of the motion to dismiss the motion for new trial needs to be referred to only as appears in the syllabus.

2. The exception to the judgment granting a new trial is without merit. So far as appears, this is the first grant of a new trial. The rule is well settled by decisions of the Supreme Court and this court that the first grant of a new trial will not be disturbed unless the verdict rendered was demanded as a matter of law. While the verdict is for the plaintiff on the question of the defendant's liability and the plaintiff's right to recover, it is adverse to the plaintiff in so far as the jury found against the full amount sued for, by finding for the plaintiff only one dollar as the value of the property and one dollar as rent. Therefore the verdict in this respect is favorable to the defendant; and the defendant, in not excepting, is satisfied with the verdict, in so far as the case is here presented. The question presented is whether the verdict, in so far as it was in the defendant's favor in disallowing the plaintiff's claim for the full amount sued for, and in giving the plaintiff the reduced amount of one dollar as the value of the property and one dollar as the rent value, was demanded as a matter of law. If this verdict was so demanded, it was error for the court to sustain the plaintiff's motion for new trial. If the verdict was not demanded as a matter of law, the judgment granting the plaintiff a new trial, which is the first grant of a new trial, should be affirmed. In determining this question it is immaterial whether the common-law suit brought by the defendant's assignor, the York Corporation, against the plaintiff, amounted to an election by that corporation, binding on the defendant, its assignee, to pursue a particular remedy and thereby forfeit any right which may have existed in the defendant, as the assignee of the York Corporation, to rely on a contract right to repossess the property; and it is also immaterial whether the defendant, as the assignee of the York Corporation, acquired the right of that corporation to repossess the property on a default by the plaintiff, Magid, the purchaser, to pay the purchase-money, notwithstanding this right to repossess was by the contract lodged in the York Corporation, the seller, without any provision in the contract for the lodgment of this

right in any transferee or assignee of that corporation. These questions are not here decided.

In determining whether the verdict, in so far as it is for the defendant in that it is against the plaintiff's claim for the full amount sued for, by awarding only one dollar as the value of the property and one dollar as the rent for the property, is demanded as a matter of law, as the defendant has not excepted to the verdict in so far as it fixes liability, we must proceed on the assumption that the defendant is liable to the plaintiff in some amount. Therefore, unless the defendant as a matter of law is liable to the plaintiff only in an amount not exceeding one dollar as the value of the property and one dollar as the rent value, as found by the jury, the verdict as rendered is not demanded as a matter of law, and the grant of a new trial should be affirmed. From the evidence it appears that the value of the property after it had been damaged by the fire was from $600 to $2000. Assuming, for the sake of the argument, but without deciding, that the defendant as assignee of the seller had the right under the contract to repossess the property and sell it for the benefit of the plaintiff, the purchaser, and apply the proceeds to certain expenses and pay the balance to the plaintiff, the evidence shows that after repossessing the property the defendant sold a portion of it to W. P. Wright for $605, but the evidence is silent as to what expenses, if any, were incurred by the defendant in repossessing the property and making the sale. Therefore the evidence was sufficient to authorize a finding for the plaintiff in a sum considerably in excess of one dollar as the value of the property and one dollar as the rental value, as found by the jury. The verdict, in so far as it is favorable to the defendant in the finding against the full amount sued for, and in awarding to the plaintiff only one dollar as the value of the property and one dollar as the rent value, was not demanded as a matter of law.

The court did not err in overruling the motion to dismiss the motion for new trial, and did not err in granting a new trial to the plaintiff. Opinion rewritten on rehearing, and the judgment of affirmance adhered to.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*