CARMICHAEL *v.* CITY OF JACKSON *et al.*

No. 14012. MARCH 10, 1942.

*Joel B. Mallet,* for plaintiff in error.

*Claude Christopher, Maddox & Futral, Beck, Goodrich & Beck,* and *C. L. Redman,* contra.

DUCKWORTH, Justice. From the facts recited by the Court of Appeals it appears that the trial judge dismissed the motion for new trial upon the ground that necessary parties had not been

served. The case as tried involved an attack upon the constitutionality of a State law. The dismissal of the motion for a new trial had the effect of dismissing or disposing of a case involving the constitutionality of a State law. In determining whether or not these circumstances give the Supreme Court jurisdiction of the writ of error excepting to the judgment dismissing the motion for a new trial, the policy of this court in taking jurisdiction of similar cases will be followed. *Hopkins* v. *Jackson,* 147 *Ga.* 821 (95 S. E. 675) ; *Womack* v. *Womack,* 149 *Ga.* 496 (100 S. E. 570) ; *Cross* v. *State,* 150 *Ga.* 786 (105 S. E. 307) ; *Luke* v. *Luke,* 158 *Ga.* 103 (123 S. E. 716) ; *Peavy* v. *Peavy,* 167 *Ga.* 219 (145 S. E. 55). The Supreme Court, and not the Court of Appeals, has jurisdiction, and the first question of the Court of Appeals is answered in the affirmative. The other questions need not be answered, in view of our answer to this question.     *All the Justices concur.*

The Court of Appeals certified to the Supreme Court the following statement of facts, and requested instructions upon the three questions based upon such facts :

"The City of Jackson, under an act of the General Assembly (Ga. L. Ex. Sess. 1926, p. 116), issued bonds against street-paving assessments made against abutting property for the purpose of paving certain of its streets. A. S. Carmichael, an owner of abutting property, failed to pay the assessments against his property, and executions therefor were issued by the city and levied on his property, to which he filed an affidavit of illegality setting up, among other things (after alleging that the paving assessment ordinance and notices were void), that 'The act of the General Assembly of Georgia, referred to in the notices herein set out, at the special session in 1926 (see Ga. L. pp. 116-124, inclusive) is null and void, without force and effect, for the reason said purported law was passed at an extraordinary session of the General Assembly of Georgia convoked by the Governor of Georgia under the authority of article 5, section 1, paragraph 13, of the constitution of the State of Georgia, and passage of the purported law, referred to as aforesaid, approved March the 19th, 1926, was not within the provisions and objects stated in the proclamation convening the General Assembly at that time, and its passage was in violation of said article 5, section 1, paragraph 13, of the constitution of the State of Georgia.' These papers were returned and filed in the office of the clerk of the su-

perior court of Butts County. Mrs. W. O. Jones, Grace Jarrell, Alice Jarrell, Mrs. Mary Lee Harper, executrix of the estate of James M. Darden, deceased, and Mrs. Mary J. Edwards filed their petition in which they alleged, among other things, that they were the owners of the street-improvement bonds issued by the City of Jackson, as above referred to; that the bonds were not an obligation of the city, except as against the paving assessments made against the abutting property on the streets paved; that the city had advised said bondholders that it did not intend to defend the issue made by the illegality filed in this case, as this was a matter between the bondholders and the defendant in fi. fa.; that unless they were permitted to appear as parties plaintiff and to defend the legality of the executions and levies, they would suffer irreparable financial loss; and they asked to be allowed to intervene as parties plaintiff and to defend the levies under the executions. They joined issue on the illegality, denied the different allegations in the affidavit of illegality, and set up that 'the defendant in fi. fa. is barred and estopped by his laches to attack the legality of the assessment or the levy to enforce the same, for the reason that the street improvements for which the assessment was levied to pay for were made in 1928, and the defendant in fi. fa. stood by and saw the improvements made, accepted the benefits to his property, and did not raise the constitutionality of the act of the General Assembly under which the improvements were being made and the assessment levied until more than ten years had elapsed after the work had been completed; and he is therefore barred and estopped in law, equity, and good conscience from contesting the legality of the assessment.' The judge of the superior court, on February 26, 1940, allowed the intervention, made the intervenors parties plaintiff in fi. fa., authorized them to appear and defend the levies, and ordered the intervention filed. The intervention, with the order thereon, was filed in the office of the clerk of Butts superior court on February 27, 1940. The case proceeded to trial at the February term, 1941, of said court, and at the direction of the court the jury returned a verdict 'against the affidavit of illegality and in favor of the fi. fa.,' and a judgment was entered ordering the fi. fa. to proceed. The bondholders were represented by the law firms of Beck, Goodrich & Beck, Maddox & Futral, and Claude Christopher, all of Griffin, Georgia. A. S. Carmichael, the de-

fendant in fi. fa., made a motion for new trial, and an acknowledgement of service entered thereon was signed by 'C. L. Redman, attorney for plaintiff.' On the date set for the hearing of the motion for new trial, W. H. Beck, one of the attorneys for the intervenors, moved that the court dismiss the motion for new trial, for want of service on them. Upon inquiry by the court, C. L. Redman stated that he did not represent any of the intervenors, and had no authority to acknowledge service for them, and that he acknowledged service only for the City of Jackson. The court sustained the motion to dismiss and dismissed the motion for new trial, and the exception here is to that judgment. The record does not contain any copy of the brief of evidence on the motion for new trial.

"1. Has the Supreme Court jurisdiction of this case, because of the alleged constitutional question in the affidavit of illegality?

"2. Has the Supreme Court jurisdiction of this case, because of the intervention filed by the bondholders?

"3. If the above questions are answered in the negative, an answer to the following question is desired: Where the bondholders had been made parties plaintiff in fi. fa., with all the rights of the original plaintiff, and were authorized to appear and defend said levy, and as such parties did appear and participate in the trial of the case in defending said levy, were they necessary parties to be served with the rule nisi on the defendant's motion for new trial?"