BURKE *v.* THE STATE.

No. 16653.   July 11, 1949.

*Hubert C. Morgan, James R. Venable, Frank A. Bowers,* and *Jackson L. Barwick,* for plaintiff in error.

*Paul Webb, Solicitor-General, William Hall,* contra.

DUCKWORTH, Chief Justice. (After stating the foregoing facts.) The Supreme Court has exclusive jurisdiction to review all cases involving the constitutionality of a State law. Article 6, section 2, paragraph 4 of the Constitution (Code, Ann., § 2-3704). The attack in the instant case is upon the constitutionality of the Code, § 110-706, it being alleged that it violates the due process and equal protection clauses of both the State and Federal Constitutions. This attack is made for the first time in an extraordinary motion for new trial. It was held in *Loomis* v. *State,* 203 *Ga.* 394 (47 S. E. 2d, 58), that the constitutional attack there made upon the law upon which the conviction was predi-

cated could not be made for the first time in a ground of a motion for new trial. Obviously in such a case the attack could and should have been made at or before the trial by demurrer or otherwise, since it must have been known that the validity of the law was essential to the maintenance of the prosecution. However, it was held in *Boyers* v. *State*, 198 *Ga.* 838 (33 S. E. 2d, 251), that the law required only that the constitutional attack upon the validity of a law be made at the first opportunity, and when so made would require an adjudication of its merits. Obviously, therefore, the attack in the present case was made at the earliest time possible, for it was only after the movant discovered from the testimony of his witness, who testified to having committed perjury upon the trial, that he had any interest in the validity of the law which would entitle him to attack the same. The judgment of the trial court overruling the motion for new trial, which contained as one ground thereof an attack upon the constitutionality of a State law, constituted a ruling sustaining the law as against the attack made. The bill of exceptions assigning that judgment as error presents a case involving the constitutionality of a State law. Consequently the Court of Appeals was without jurisdiction to decide the same. But the Court of Appeals in rendering its decision recognized the rule of this court that a constitutional question will never be decided when unnecessary to a decision in the case. That court ruled that since the new evidence is sharply and completely contradicted by the State's rebuttal evidence, the trial judge was authorized to render the judgment overruling the motion, even though the law assailed be conceded to be invalid, and upon this basis that court affirmed the judgment without ruling upon the constitutional question made in the record. The reasoning of that court sounds logical, but an exhaustive analysis of the case discloses that it is incorrect. The motion containing the constitutional attack was overruled in its entirety. This constituted an adjudication of each and every ground of that motion adversely to the movant. *Herring* v. *Smith*, 141 *Ga.* 825 (82 S. E. 132); *Flemming* v. *Drake*, 163 *Ga.* 872 (137 S. E. 268); *Peoples Loan Co.* v. *Allen*, 199 *Ga.* 537, 566 (34 S. E. 2d, 811); *National Life &c. Ins.* v. *Leo*, 50 *Ga. App.* 473 (2) (178 S. E. 322). That judgment, therefore, upholds the validity of the Code, § 110-706, as against the attack

made, and having so held, the trial judge, in obedience to the requirements of that section of necessity completely ignored the evidence of the movant offered in support of the ground of his motion. Such a judgment was not the result of the exercise of a discretion in adjudicating an issue of fact made by the conflicting evidence, but on the contrary was a ruling on a constitutional question and a judgment upon the motion after excluding from consideration all the evidence offered by the movant, and is, therefore, a direct ruling upon the constitutionality of a State law which the Supreme Court alone has jurisdiction to review. It follows that the Court of Appeals erred in the judgment complained of, for the reason that that court was without jurisdiction to render the same.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., and Wyatt, J., who dissent.*