WADE *v.* HOPPER.

WYATT, Justice. The instant case is a suit brought under Georgia's Nonresident Motorist Act, Ga. L. 1937, p. 732, as amended by Ga. L. 1947, p. 305, and codified as Code, Ann. Supp., § 68-803. A verdict was returned in favor of the plaintiff in the court below, and the defendant carried his bill of exceptions to the Court of Appeals, assigning error on certain pendente lite rulings and on the judgment denying a motion for new trial. The Court of Appeals transferred the case to this court as being a case within the jurisdiction of the Supreme Court because the constitutionality of a statute of the State of Georgia was drawn into question. See Code, Ann., § 2-3704. *Held:*

1. Plaintiff in error here made two contentions in the court below in a special plea to the jurisdiction and plea in bar to the effect that the Superior Court of Houston County had no jurisdiction in this cause. It is first contended that Ga. L. 1947, p. 305, amending Ga. L. 1937, p. 732, is unconstitutional because it violates certain specified provisions of the Constitution of Georgia in certain ways. The relevant portion of the 1937 act, supra (p. 734), reads as follows: "Be it further enacted that all courts in the counties of this State now having jurisdiction of tort actions and criminal actions, shall have jurisdiction of all such nonresident users in actions arising under this Act." This court held in *Lloyd Adams Co.* v. *Liberty Mutual Insurance Co.*, 190 *Ga.* 633 (10 S. E. 2d, 46), that a suit under the above act could be brought in

any county in Georgia. In 1947, the act of 1937, supra, was amended to provide that the venue of a suit by a resident plaintiff against a non-resident defendant was either in the county where the accident occurred or the county of the residence of the plaintiff, and that the venue of a suit by a non-resident plaintiff against a non-resident defendant was the county in which the accident occurred. It is this amendment which it is first contended is unconstitutional. In the view we take of this case, the constitutionality of the 1947 act, supra, is not drawn into question. The act of 1937, supra, is the act which gives the right to persons injured in highway accidents to bring suit in the courts of Georgia against a non-resident motorist who becomes involved in a vehicular accident while using the highways of this State. The act of 1947, supra, does not purport to extend this right to non-residents or anyone else, but assumes that non-residents have that right under the act of 1937. The 1947 act, supra, is intended to restrict venue in such suits, in the case of non-resident plaintiffs, to the county in which the accident occurred. If the plaintiff in the court below in the instant case has any right at all to bring this suit in Georgia, it is under the act of 1937, supra, and, under the decision of this court in *Lloyd Adams Co.* v. *Liberty Mutual Insurance Co.,* supra, the venue of such suit under the 1937 act is in any county in Georgia. Therefore, without regard to the 1947 act, supra, the suit was properly brought in Houston County, a county in this State, even though it is also the county in which the accident occurred. It follows, the constitutionality of the act of 1947, supra, is not drawn into question since, even under the prior law, the Superior Court of Houston County has jurisdiction of this cause. See, in this connection, *Dorsey* v. *Clark,* 183 *Ga.* 304 (188 S. E. 338). The attack upon the constitutionality of a law of this State that is not involved in the case does not give this court jurisdiction.

2. It is then contended that the act of 1937, supra, was "not intended to apply, and does not apply to actions such as involved in plaintiff's petition in this matter, between parties both of whom are non-residents of the State of Georgia . . ."; and that to "permit the Georgia courts to take jurisdiction over his person and his property . . . in this proceeding, would be contrary to and in contravention of Article XIV of the United States Constitution . ." and would "abridge his privileges and immunities guaranteed by said Article XIV and would be denying him due process of law, guaranteed to him by said Article XIV of the United States Constitution." These allegations do not attempt to attack the constitutionality of any law of this State. It is simply alleged that, if the courts of Georgia exercise jurisdiction in this case, the defendant will be deprived of certain constitutional rights guaranteed to him by the United States Constitution. Such allegations do not make a case that is within the jurisdiction of this court. See *Atlanta & West Point R. Co.* v. *Hemmings,* 192 *Ga.* 724 (16 S. E. 2d, 537).

3. Since the constitutionality of no law of this State is drawn into question in the instant case, and since there is no other reason why this court has jurisdiction of the writ of error, the Court of Appeals and not this court has jurisdiction of this case.

*Transferred to the Court of Appeals. All the Justices concur, except Duckworth, C. J., who dissents, and Atkinson, P. J., not participating.*
No. 18225. Argued May 12, 1953—Decided June 8, 1953.

*Miller, Miller & Miller,* for plaintiff in error.
*Nunn & Altman* and *Martin, Snow & Grant,* contra.

Duckworth, Chief Justice, dissenting. I dissent upon the ground that I think that, while a decision on the constitutionality of the 1947 amendment is not necessary to a decision in the case, yet, since that constitutional question has been raised, it is for this court and not the Court of Appeals to decide that a decision can be made without deciding the constitutional question. *Burke* v. *State,* 205 *Ga.* 520 (54 S. E. 2d, 348).