20877.   PERRY *v.* MARYLAND CASUALTY CO. *et al.*

HAWKINS, Justice.   This case, originally filed in the Court of Appeals, was transferred by that court to this court as being one of which this court has jurisdiction.   The bill of exceptions assigns error on the judgments overruling the plaintiff's demurrers to the defendants' motion, and granting the motion, to vacate and set aside a verdict and judgment previously rendered during the same term of court.   This is not a case of which this court has jurisdiction under the Constitution (Code § 2-3704).   While one count of the peti-

tion, upon which the verdict and judgment sought to be set aside were based, sought to make constitutional attacks on certain sections of the Georgia Workmen's Compensation Act, no ruling on such questions was made by the trial court, and no consititutional question is presented for decision. What is here held is not in conflict with the decision of this court in *Carmichael* v. *City of Jackson*, 193 *Ga.* 553 (19 S. E. 2d 268). It was there held that "The case *as tried* involved an attack upon the constitutionality of a State law" (emphasis supplied); and the judgment sought to be reviewed was one dimissing a motion for new trial in that case. Such is not the case here. The record does not disclose any ruling by the trial judge as to the constitutionality of a State law; and in *Savannah &c. Railway Co.* v. *Hardin,* 110 *Ga.* 433, 437 (35 S. E. 681), it is held that "this court should never pass upon the constitutionality of a legislative act unless it clearly appears in the record that the point was . . . distinctly passed on by the trial judge." See also *Jennings* v. *William W. Wright & Co.,* 54 *Ga.* 537 (4), 541; *Bentley* v. *Anderson-McGriff Hardware Co.,* 181 *Ga.* 813 (184 S. E. 297); *Wright* v. *Cannon,* 185 *Ga.* 363, 365 (195 S. E. 168); *Galfas* v. *Ailor,* 206 *Ga.* 76 (3) (55 S. E. 2d 582); *Velkey* v. *Grimes,* 214 *Ga.* 420 (105 S. E. 2d 224). The case is one of which the Court of Appeals, and not this court, has jurisdiction, and it is therefore

*Returned to the Court of Appeals. All the Justices concur.*

ARGUED MAY 9, 1960—DECIDED MAY 18, 1960.

*Howard Oliver, Jr., James R. Venable,* for plaintiff in error.

*H. A. Stephens, Jr., Smith, Field, Ringel, Martin & Carr,* contra.