21647. VANDIVER, Governor v. WILLIAMS et al.

ARGUED MAY 15, 1962—DECIDED JUNE 12, 1962.

*Eugene Cook, Attorney General, Carter Goode, Donald E. Payton, Richard L. Chambers, Assistant Attorneys General,* for plaintiff in error.

*William L. Norton, William Hall,* contra.

GRICE, Justice. The Court of Appeals certified the following questions:

"Where the State has instituted an action against a former State Revenue Commissioner and against the surety on his official bond in the Civil Court of Fulton County, the surety having an agent for service in Fulton County, and where the defendants, asserting that the former Revenue Commissioner was a 'law enforcement officer' and that under the provisions of *Code* § 56-1201 (Ga. Laws, 1960, pp. 289, 500), the action was maintainable only in the county of his residence, which was not Fulton County, and where the State, by amendment to its petition attacked the constitutionality of *Code* § 56-1201 insofar as it purports to deprive the court in the county wherein the agent of

a surety on the official bond of a former State Revenue Commissioner is located of jurisdiction of a suit on the bond when it appears that the former Commissioner was a resident of another county, as being contrary to and violative of Art. I, Sec. IV, Par. I (*Code* § 2-401) and of Art. VI, Sec. XIV, Par. IV (*Code* § 2-4904) of the Constitution of Georgia, and where the trial court thereupon ruled that the State had no status or right to challenge or attack the constitutionality of *Code* § 56-1201:[1]

"1. Assuming that the State Revenue Commissioner is a 'law enforcement officer' within the provision of *Code* § 56-1201, does the ruling of the court that the State has no status or right to challenge the constitutionality of the particular act of the General Assembly (*Code* § 56-1201) raise a question of which the Supreme Court, under Art. VI, Sec. II, Par. IV of the Constitution of Georgia (*Code* § 2-3704), and not the Court of Appeals, has jurisdiction to determine? (See *Burke v. State*, 205 Ga. 520, 54 SE2d 348).

"If the foregoing question is answered in the negative, then and in that event we desire an answer to the following additional question:

"2. Does the State have the status or right to challenge or to attack the constitutionality of an act of the General Assembly when the rights of the State may be affected by the terms thereof?"

■ The ruling of the trial court that the State has no status or right to challenge the constitutionality of *Code* § 56-1201 does not raise a question of which the Supreme Court, and not the Court of Appeals, has jurisdiction.

It is apparent that *Code* § 56-1201 was not construed by the trial court. The question as to its constitutionality was never reached, the trial court holding that the State lacked standing to raise it. In *Perry v. Maryland Cas. Co.*, 216 Ga. 93 (115 SE2d 102), this court declined to consider the constitutionality

---

[1] The trial court in its ruling asserts: ". . . this court is of the opinion that the State itself is estopped from attacking one of its own statutes as being unconstitutional. If the statute is offensive to the State, the State has but to abolish it."

of a statute because it ascertained that no ruling had been made on that question by the trial court. In doing so, it reaffirmed the long established rule that "this court should never pass upon the constitutionality of a legislative act unless it clearly appears in the record that the point was . . . distinctly passed on by the trial judge." *Savannah &c. R. Co. v. Hardin,* 110 Ga. 433, 437 (35 SE 681). That rule applies here.

In *Burke v. State,* 205 Ga. 520 (54 SE2d 348), cited in the certified question, the trial court, by denying the motion for new trial which challenged the constitutionality of the legislation, actually passed upon that point.

■ As to the second question, the State has the status or right to challenge the constitutionality of an act of the General Assembly when its rights may be affected by the terms thereof.

From the preface to the questions certified it appears that the action precipitating them is by the State of Georgia, as obligee of a surety bond, against the principal and his surety. Thus the State is a party litigant, rather than a party sovereign. As obligee it is affected by the statute which purports to fix the venue of the action to enforce the terms of the surety bond. Therefore, it has standing to challenge the validity of that statute, and is not estopped and relegated to seeking repeal of the statute.

While this court has not heretofore expressly ruled upon this particular question, it has sustained attacks which the State has made upon its legislature's enactments. See *State Ports Authority v. Arnall,* 201 Ga. 713 (41 SE2d 246) ; *State of Georgia v. Blasingame,* 212 Ga. 222 (91 SE2d 341). The ruling made here accords with those of a number of other jurisdictions. See, in this connection, 16 CJS 244, "Constitutional Law," § 76.

Accordingly, the first question is answered in the negative, and the second in the affirmative.

*All the Justices concur.*