39409. VANDIVER, Governor v. WILLIAMS et al.

**436**

DECIDED JULY 3, 1962—REHEARING DENIED JULY 27, 1962.

*Eugene Cook, Attorney General, Carter Goode, Donald E. Payton, Richard L. Chambers, Assistant Attorneys General,* for plaintiff in error.

*William Hall, William L. Norton,* contra.

EBERHARDT, Judge. ■ It seems to us that beyond any peradventure the State Revenue Commissioner is a law enforcement officer within the meaning of the provisions of *Code Ann.* § 56-1201 (4), requiring that suits on the surety bonds of "a sheriff, or other arresting or law enforcement officer . . . shall be instituted in the county of the residence of such officer, and not in any other county. . ." He is empowered, inter alia, to seize and sell property under *Code Ann.* §§ 58-915, 58-921, 58-1021, 58-1067, 92-2215, 92-2225, 92-3434a and other sections, to make and promulgate rules and regulations for the

enforcement of the alcoholic beverage control laws (*Code Ann.* §§ 58-1012, 58-1022), and for the enforcement of income tax laws (*Code* § 92-3005), the sales tax laws (*Code Ann.* § 92-3438a), and to do many other things which in their nature, are a part of the process of enforcing laws the administration of which is delegated to him. The several statutes use the terms "enforce," "to enforce" and "enforcement" many times when referring to actions or things authorized or required to be done by him. Consequently, the provisions of *Code Ann.* § 56-1201 (4) are applicable to suits brought against the State Revenue Commissioner and the surety on his bond.

■ All other rulings herein are pursuant to the answers made by the Supreme Court to certified questions which we submitted. *Vandiver v. Williams,* 218 Ga. 60 (126 SE2d 210).

*Judgment reversed. Carlisle, P. J., and Russell, J., concur.*