## SAVANNAH, FLORIDA AND WESTERN RAILWAY COMPANY *v.* HARDIN.

1. When a record brought to this court contains nothing from which it could even be inferred that any question of the constitutionality of a particular statute upon which the plaintiff's action was based was at any stage of the case made in the trial court, or that such court in any manner undertook to pass upon such a question, the mere fact that the bill of exceptions assigns error upon a refusal to sustain a general demurrer to the petition and dismiss the action, and also upon the overruling of a motion for a new trial containing a ground alleging that the verdict was contrary to law, does not properly raise

28

here any question upon the constitutionality of such statute; and this is so though the bill of exceptions does in general terms state that the above-indicated rulings were erroneous because that statute was "class legislation and special legislation and obnoxious to the constitution of the State, and therefore void," and requires "impossibilities, and puts as a penalty the value of the goods lost, and takes the property of defendant without any just compensation therefor, and therefore amounts to confiscation, which is unconstitutional and void."

2. Treating sections 2317 and 2318 of the Civil Code as valid and constitutional, the petition in the present case set forth a cause of action as against the demurrer thereto filed by the defendant.

3. The trial judge having used in the hearing of the jury language well calculated to impress them that in his opinion the plaintiff was entitled to recover the full amount sued for, and there being evidence warranting a finding in his favor for an amount less than that actually found, there must, under the provisions of section 4334 of the Civil Code, be a new trial.

Submitted November 8, 1899.—Decided April 7, 1900.

Action for penalty. Before Judge Spence. Decatur superior court. May 23, 1899.

*D. H. Pope,* for plaintiff in error.

Cobb, J.  Hardin sued the Savannah, Florida and Western Railway Company, alleging in his petition, in substance, as follows:  He had delivered to the Southern Railway Company at Atlanta, Georgia, certain articles for shipment to Bainbridge, Georgia, over the line of the Southern Railway Company and its connecting carriers, the defendant being one of such carriers.  All of the goods so shipped were duly delivered at Bainbridge, except one box the contents of which were of the value of $300.  Petitioner paid all freight charges that had been demanded by the Southern Railway Company and the defendant. "In the terms of the statute in such cases made and provided, petitioner made application verbally to the local agent of the Savannah, Florida and Western Railway Company at Bainbridge, Georgia, the destination of the goods shipped as aforesaid, and also the general freight agent, in writing, of the last-mentioned railway company, to trace said freight, to wit one box of household goods not delivered as aforesaid, and inform your petitioner where, how, and by whom said freight as aforesaid was lost, damaged, or destroyed." The agent at Bainbridge

as well as the general freight agent failed to trace the freight and give the required information in writing within the time prescribed by law, " where, how, and by which carrier, the initial or connecting, said box of household goods were lost, damaged, or destroyed," and in consequence of such failure the defendant had rendered itself liable to the plaintiff in the sum of $300, besides $30 attorney's fees. To this petition the defendant filed a demurrer upon the following grounds: (1) It sets forth no cause of action; (2) it does not fully and distinctly set forth the cause of action; (3) no copy of the application to trace the freight is attached to the petition. The demurrer was overruled, and upon this ruling error is duly assigned.

The case proceeded to trial. The plaintiff testified as to the delivery of the goods to the Southern Railway Company in Atlanta, and of the failure by the defendant to deliver at Bainbridge, and as to the value of the goods claimed to have been lost. Talbert, a witness for the plaintiff, testified that as attorney for plaintiff he made demand on the agent of the defendant at Bainbridge for the goods claimed to have been lost, and demanded that the defendant trace as required by law and report, and that he had never received any information from it in regard to the freight. As to the value of the goods, the testimony of plaintiff was that the articles contained in the box alleged to have been lost cost the respective amounts set forth in the petition, and that such amounts were the market value of the articles, except one article, alleged to have been worth $54, which was worth but $10. Another witness testified that goods of the character claimed to have been lost were ordinarily worth about one fourth of their original cost. The evidence further disclosed that title to goods contained in the box to the value of $30 was in the plaintiff's wife. The jury returned a verdict in favor of the plaintiff for $225; whereupon the defendant made a motion for a new trial on the following grounds: (1) Because the verdict is contrary to law and without evidence to support it. (2) Because, after the evidence was all in, the presiding judge asked, in the presence and hearing of the jury, " What is there to go to the jury on?" After a short silence the defendant's counsel asked the judge if he meant by that to order a verdict for the plaintiff. To which

the judge responded, yes, and asked counsel if he had any objection to it. To this counsel replied that he had nothing to say in reference to the matter except that he did object. After a further silence the judge remarked, "Well, go on to the jury." The error assigned on this ground is that the language of the judge was such an expression of opinion as to the evidence in the case that a new trial should be granted. The judge overruled the motion, and the defendants excepted. The bill of exceptions assigns error upon the judgment overruling the motion for a new trial, and also upon the judgment overruling the demurrer; the latter judgment being alleged to be erroneous for various reasons, among them being that sections 2317 and 2318 of the Civil Code "are class legislation, and special legislation, and obnoxious to the constitution of the State, and therefore void"; and that the statute "requires impossibilities, and puts as a penalty the value of the goods lost, and takes the property of defendant without any just compensation therefor, and therefore amounts to confiscation, which is unconstitutional and void."

1. This suit was brought under the provisions of sections 2317 and 2318 of the Civil Code, which are as follows: "When any freight that has been shipped, to be conveyed by two or more common carriers to its destination, where, under the contract of shipment or by law, the responsibility of each or either shall cease upon delivery to the next 'in good order,' has been lost, damaged, or destroyed, it shall be the duty of the initial or any connecting carrier, upon application by the shipper, consignee, or their assigns, within thirty days after application, to trace said freight and inform said applicant, in writing, when, where, how, and by which carrier said freight was lost, damaged, or destroyed, and the names of the parties and their official position, if any, by whom the truth of facts set out in said information can be established. If the carrier to which application is made shall fail to trace said freight and give said information, in writing, within the time prescribed, then said carrier shall be liable for the value of the freight lost, damaged, or destroyed, in the same manner and to the same extent as if said loss, damage, or destruction occurred on its line." It was

argued that the sections above quoted were unconstitutional. Under the view we take of the present case, it is unnecessary to refer to the various grounds upon which it was claimed by counsel that the sections were invalid as being in violation of the constitution of the State. While the constitution declares that legislative acts in violation of its provisions are void, and the judiciary shall so declare them, it is well settled that a legislative act should not be declared unconstitutional unless the point that the act is unconstitutional is squarely made in the case. From this it necessarily follows that this court should never pass upon the constitutionality of a legislative act unless it clearly appears in the record that the point was directly and properly made in the court below and distinctly passed on by the trial judge. There is not in the record in this case anything to indicate that the act under which the plaintiff's suit was brought was attacked as unconstitutional in the court below. There is no ground of demurrer distinctly raising this question nor is there any ground in the motion for a new trial in which the question is at all referred to. The only way in which the question could possibly have been brought to the attention of the trial judge was under that ground of the demurrer to the petition which set up that no cause of action was set forth, or that ground of the motion for a new trial which complains that the verdict is contrary to law. We do not think that so grave a matter as declaring a legislative act void should be held to be before the court under allegations as vague and indefinite in their nature as a general demurrer, or a general ground of a motion for a new trial, that the verdict is contrary to law and the evidence. It is true that in the bill of exceptions, in the reasons given to sustain the assignments of error that the court erred in overruling the demurrer, there are statements to the effect that the sections of the code under which the plaintiff's suit was brought are unconstitutional. But these statements in the bill of exceptions will not be sufficient to raise the question, when the record shows that the question was not distinctly raised in the pleadings in the court below. But, even if it were otherwise, the statement in the bill of exceptions does not properly raise the question in such a way that it can be decided. It is not

therein stated what provision of the constitution is violated by these sections, and to merely characterize the sections as "class legislation" and "special legislation," and to merely state that they "require impossibilities, and put as a penalty the value of the goods lost, and take the property of defendant without any just compensation therefor, and therefore amount to confiscation, which is unconstitutional and void," does not call attention in any way to the specific provisions of the constitution with which they are claimed to be in conflict. See, in this connection, the decision in *Jones* v. *Oemler,* ante, 202, rendered at the last term, where it was held that "an attack upon an act alleging in general terms that the same 'is invalid and unconstitutional,'" does not properly bring before this court the question of the constitutionality of the act. We decline to decide in the present case the question as to the constitutionality of the sections of the code above quoted. Not until this question is raised in a proper way in the court below and there decided by the trial judge will this court feel justified in passing upon the question as to whether the acts referred to are in violation of the constitution. No hardship can ever result from this rule. If the act is in fact unconstitutional and a judgment based thereon is void, the rights of no one will ever be affected by the judgment. If, on the other hand, the judgment is irregular only and not void, the invalidity of the statute being matter to be formally pleaded in order to be available as a defense, the party against whom the judgment is rendered is in the same position as any other person who has a good defense to a suit and fails to take advantage of the same at the proper time and in the required way. We will not undertake to determine in the present case whether a judgment in a civil case rendered upon a statute that is invalid for the reason that it violates the constitution of the State is a void judgment or one that is merely irregular or voidable. If such judgment is void, of course it can be attacked anywhere by anybody whose rights are sought to be affected thereby. If irregular or voidable only, it will not be set aside unless objection thereto be made in due time and in the manner prescribed by law.

2. For the purposes of the present case, we deal with the

sections of the code above quoted as being valid and constitutional, and, so treating them, the petition, as against the demurrer filed to the same, set forth a cause of action: One ground of the demurrer was that a copy of the writing containing the request to trace the freight was not attached to the petition. It appears from the allegations of the petition that there were two requests to trace the freight, one a verbal request to the local agent of the defendant, and the other a written request to its general freight agent. There is nothing in the law requiring that the application to trace should be in writing. While a copy of the written request was not attached to the petition as an exhibit, the contents of the writing were, in substance, set forth in the body of the petition, and this was sufficient to dispense with an exhibit to the petition. *Penn Tobacco Co. v. Leman,* 109 *Ga.* 428.

The other grounds of the demurrer were, in effect, simply general. While we think that probably the petition was defective in several points, these defects were such that the defendant could not take advantage of the same in any other way than by special demurrer; and taking the petition as a whole, it set forth a cause of action as against a general demurrer.

3. A mere reading of the statements made by the court in his colloquy with counsel, which precedes this opinion, is all that is necessary to demonstrate that the judge expressed an opinion as to what had been proved in the case. The judge having asked, " What is there to go to a jury on ?" and having said that he intended to direct a verdict in favor of the plaintiff, it was calculated to impress the jury that he thought that the plaintiff was entitled to recover the full amount claimed in the case. This was not true, as the amount to be recovered was not definitely fixed by the evidence and a verdict for the amount actually recovered was not absolutely demanded. It necessarily follows that there was something " to go to the jury on," at least as to this point in the case. The provisions of section 4334 of the Civil Code imperatively require us to grant a new trial in this case.

*Judgment reversed.   All the Justices concurring.*