## PACE et al. v. GOODSON.

FISH, C. J. 1. A plea or demurrer which seeks to bring in question the constitutionality of an act of the legislature, upon the ground that it contains matter in the body not referred to in the title, presents no question for judicial determination, when it fails to point out wherein the body of the act contains matter not referred to in its title.

2. A promissory note, signed by the maker thereof in the presence of and attested by an officer authorized to administer oaths, which, after stating the place and date of its execution, reads as follows: "On October 1st next I promise to pay [a named person] 1500 lbs. middling cotton as rent of forty acres of land, more or less, on his place for 1902," is a contract which falls within the provisions of the act approved December 17, 1901 (Acts 1901, p. 63), which provides, "That when the relation . . of landlord and tenant of agricultural lands . . has been created by written contract duly executed before an officer authorized to administer oaths, it shall be unlawful for any person, during the life of said contract, to employ" the tenant, "or to disturb in any way said relation, without first obtaining the written consent of said . . landlord;" and which gives to the landlord the right to recover of such person damages which "shall be not less than double the annual rental value of the lands rented . . , said value to be fixed at 1,000 pounds of middling lint-cotton to the plough."

3. Where, upon the trial of a suit of the character above indicated, no

written contract between the plaintiff and his alleged tenant was introduced in evidence, and no contract such as contemplated by the statute was otherwise shown to have been in existence between them at the. time of the alleged injury to the plaintiff, a verdict in favor of the plaintiff was unauthorized by the evidence.

4. The demurrer to the petition was properly overruled; but the court should have granted a new trial upon the general grounds of the motion therefor.     *Judgment reversed. All the Justices concur.*

Submitted July 18,—Decided December 20, 1906.

Action for penalty. Before Judge Reagan. Terrell superior court. December 7, 1905.

*H. A. Wilkinson,* for plaintiffs in error.   *M. C. Edwards,* contra..