### LOFTIN *v.* SOUTHERN SECURITY COMPANY.

ATKINSON, J. A judgment was rendered in the municipal court of Atlanta for the plaintiff in a bail-trover action. The defendant presented a petition for certiorari to the judge of the superior court, assigning error directly on the judgment. The judge of the superior court entered an order denying the petition for certiorari, "on account of the failure of the plaintiff in certiorari to comply with the act of 1925 by first making a motion for a new trial and appealing to the appellate division of the municipal court." The petitioner for certiorari assigned error upon this judgment, on the ground that the judgment denied to the plaintiff in error his constitutional rights as provided in article 6, section 4, paragraph 5, of the constitution of the State of Georgia (Civil Code of 1910, § 6514), providing that judges of the superior courts "shall have power to correct errors in inferior judicatories, by writ of certiorari, which shall only issue on the sanction of the judge," and that deprivation of such constitutional right was contrary to law. *Held:*

1. Section 2 of the act approved July 31, 1925, amending the acts relating to the Atlanta municipal court (Acts 1925, pp. 370, 386), provides as follows: "That before the writ of certiorari shall lie to any verdict, judgment, order, or ruling of the municipal court of Atlanta, a motion for a new trial must be made before the judge trying the case, and his judgment thereon must be reviewed by the appellate division of said court in the manner herein provided, and the writ of certiorari shall lie only to the final judgment of the appellate division of said court. It shall be the duty of the chief judge of said court to designate one of the three judges sitting in the said appellate division to act as presiding judge, whose official title shall be 'Presiding Judge in the Appellate Division' of said court, whose duty it shall be to accept and acknowledge service in all petitions and writ for certiorari; to prepare the answer to such petition, signing the same in the name of the three judges presiding in said case; to certify as to payment of costs, and to approve all bonds in matters of certiorari, and see that said answer is properly filed with the clerk of the superior court; and in his absence or disqualification either of the associate judges sitting in the appellate division may be served, approve bonds, certify as to payment of costs, and make answer to said writ of certiorari."

2. The petition for certiorari alleged: "Your petitioner shows that under.

---

Appeal and Error, 3 C. J. p. 710, n. 73.
Constitutional Law, 12 C. J. p. 785, n. 55, 56.
Courts, 15 C. J. p. 1038, n. 36; p. 1039, n. 52.

article 6, section 4, paragraph 5, Code. of 1910, section 6514, being a constitutional provision of the State of Georgia, it is provided as follows: 'Certiorari, mandamus, etc. They shall have power to correct errors in inferior judicatories, by writ of certiorari, which shall issue only on the sanction of the judge,' etc." This was not an allegation that section 2 of the act amending the acts creating the municipal court of Atlanta, quoted above, was violative of the designated provision of the constitution. In order to raise the question of constitutionality of a statute, the statute must be expressly designated, and the provision of the constitution which it violates must be stated. *Harris* v. *State,* 147 *Ga.* 489 (94 S. E. 572).

3. A constitutional question can not be raised for the first time in the Supreme Court. Where it is sought to invoke a ruling by the Supreme Court on a constitutional question, the question must have been raised in the trial court and a ruling made thereon and the case brought to the Supreme Court for review. *State* v. *Henderson,* 120 *Ga.* 780 (7) (48 S. E. 334); *Moore* v. *State,* 126 *Ga.* 414 (1 *a*) (55 S. E. 327); *Griggs* v. *State,* 126 *Ga.* 442 (2) (55 S. E. 179); *Patterson* v. *Bank of Alapaha,* 148 *Ga.* 356 (96 S. E. 863). See also *Edwards* v. *McNair,* 152 *Ga.* 486 (110 S. E. 280); *Savannah Electric Co.* v. *Thomas,* 154 *Ga.* 258 (113 S. E. 806).

4. There was no attack made in the trial court upon the constitutionality of section 2 of the act of 1925, supra, and no decision was made by the trial court of any such constitutional question; and consequently there is no such question here for decision.

5. The case is not within the jurisdiction of the Supreme Court, but is within the exclusive jurisdiction of the Court of Appeals; and therefore it will be transferred to the Court of Appeals for decision.

*So ordered. All the Justices concur.*

No. 5120.   SEPTEMBER 21, 1926.

Petition for certiorari. Before Judge Bell. Fulton superior court. October 16, 1925.

*R. R. Jackson* and *C. E. Moore,* for plaintiff in error.