# HUNNICUTT *v.* EATON *et al.*

### No. 11711.  JUNE 17, 1937.

*Robert H. Cranford, J. B. Slocumb*, and *R. S. Roddenbery Jr.*, for plaintiff in error.

*P. Q. Bryan*, contra.

HUTCHESON, Justice. W. C. Eaton and others brought a petition against Kermit Hunnicutt, alleging that the defendant is and

has been operating a place of business known as "Pine Grill" located "just in front of and about the center" of numerous homes where citizens, including plaintiffs, have purchased valuable land, built homes, and beautified the premises; that the defendant in the operation of "Pine Grill" is maintaining and has for some time maintained a public nuisance, in that said place of business is operated day and night; that people remain there throughout the night, drinking, cursing, fighting, using vulgar, profane, and obscene language, keeping petitioners annoyed and tormented to the extent that they can not sleep, keeping them off the verandas and lawns because of the vile, vulgar, and profane language used by the people visiting said "Pine Grill," and depriving petitioners of the peace and happiness of their homes; that the operation of said "Pine Grill" is a menace to the morals of the community; that the language used there and the drunkenness, dancing, and gambling that go on there make the section designed for a place of beautiful homes and peaceful living an unfit place for petitioners and their families to reside; that in connection with "Pine Grill" is operated a dance pavilion which is kept open until late at night, in which pavilion there is used a mechanical victrola which is operated constantly day and night throughout the week, and often on Sabbath days and nights; that the music from said instrument is so loud and ear-splitting that it is impossible for petitioners to sleep at night, depriving petitioners of all sleep, and so shattering their nerves and interrupting their rest that they are unable to go to sleep after the bedlam subsides; that such loss of sleep has affected their health and will continue to do so unless enjoined; that their property is already greatly reduced in value, and will be further depreciated unless the alleged nuisance be enjoined. The prayers were that the defendant "be restrained and enjoined from operating said Pine Grill, a saloon, roadhouse, resort, and dancing place aforesaid." Demurrers to the petition were overruled, except one ground of special demurrer which was sustained. The evidence was sufficient to authorize a finding that the defendant was operating a lawful business in such a manner that it became a nuisance per accidens. The court granted an order enjoining the defendant, "as prayed, until further order of this court, and that the questions of fact be submitted to a jury at the first term." The defendant excepted.

1. "A nuisance is anything that works hurt, inconvenience, or damage to another; and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance." Code, § 72-101. "Generally, a public nuisance gives no right of action to any individual. If a public nuisance shall cause special damage to an individual, in which the public do not participate, such special damage shall give a right of action." § 72-103. "A public nuisance may be abated on the application of any citizen specially injured." § 72-202. Where the nuisance is continuing in character the remedy under section 72-201 of the Code is inadequate, and equity will take jurisdiction and grant relief. *Rentz* v. *Roach,* 154 *Ga.* 491 (115 S. E. 94).

2. "All injury to health is special and necessarily limited in its effect to the individual affected, and is in its nature irreparable. It matters not that others within the sphere of the operation of the nuisance, whether public or private, may be affected likewise." *DeVaughn* v. *Minor,* 77 *Ga.* 809 (2) (1 S. E. 433) ; *Savannah, Florida & Western Ry. Co.* v. *Parish,* 117 *Ga.* 893 (45 S. E. 280). Under the above rulings the petition in the present case set forth a cause of action for enjoining the nuisance alleged, and the court did not err in overruling the general demurrer to the petition.

3. The assignments of error on the overruling of the special demurrers to the petition are without merit.

4. Under the pleadings and the evidence the court did not err in granting an interlocutory injunction.

   *Judgment affirmed. All the Justices concur, except*

Russell, C. J., who took no part in the decision or judgment, and

Bell, Justice. I dissent on authority of *Georgia R. Co.* v. *Maddox,* 116 *Ga.* 64 (6) (42 S. E. 315) ; and *Pig'n Whistle Sandwich Shops Inc.* v. *Keith,* 167 *Ga.* 735 (146 S. E. 455). It appears without dispute that the business conducted by the defendant was not a nuisance per se, and that some of the acts connected with its operation were legitimate. Such being the case, the judge, under the authorities just cited, should not have enjoined the operation of the business in its entirety, but should have specified the acts which he found objectionable, and issued his order accordingly.