WRIGHT *v.* CANNON *et al.*

No. 12105. JANUARY 13, 1938.

*E. L. Smith,* for plaintiff in error.
*W. G. Martin,* contra.

BELL, Justice. J. M. Cannon and others, doing business as a partnership under the name "Farmers Exchange," instituted a suit on an account against several persons including Ed Wright, who alone was served. After the court had sustained a general demurrer and dismissed the petition, upon the ground that it appeared that the plaintiffs had not registered their trade-name, the plaintiffs moved to vacate the judgment, upon the following ground: "The court overlooked the act of the legislature approved March 29, 1937, relating to registration of trade-names. Section 5 of said act is as follows: 'The effect hereof shall be that no contract or undertakings entered into by any person, firm, or corporation, whether heretofore or hereafter entered into, shall be invalidated or declared illegal on the ground that the same was entered into in a trade or partnership name not filed or registered in accordance with the laws in force at the time such contract or undertaking was entered into; but all such contracts and undertakings are expressly validated as against any such objection; and no suit or action heretofore or hereafter instituted by any such person, firm, partnership, or corporation, whether sounding in contract or tort, shall be defeated because of any such failure to register. But the party who has failed to register his trade-name or partnership name at the time suit is filed, as required by this act, shall be cast with court costs.' Said act repeals all laws pro-

viding penalties for failure to register trade-name, including sections 106-301 to 106-304 of the Civil Code." The defendant filed a demurrer to this motion, asserting that it set forth no good or lawful reason why the prayers should be granted, and that "the act of the legislature referred to in the plaintiff's motion to vacate is retroactive and invalid under the constitution of Georgia, as contained in article 1, section 3, thereof (Code, § 2-302), in so far as the same applies to said judgment." The court overruled this demurrer, and made other rulings adverse to the defendant; to all of which he excepted. The writ of error was returned to the Supreme Court.

We are of the opinion that the Court of Appeals, and not the Supreme Court, has jurisdiction of the writ of error. In the particular case the question of jurisdiction depends upon whether the constitutionality of any law of the State of Georgia has been drawn in question, within the purview of the constitutional provision relating to the jurisdiction of the Supreme Court. Code, § 2-3005. The act of March 29, referred to in the plaintiffs' motion to vacate, contains six distinct sections besides the repealing section. Ga. L. 1937, p. 804. The motion quoted section 5, and referred to other provisions. (1) The demurrer merely designated the act of the General Assembly as referred to in the plaintiffs' motion, without further specification as to the provision or provisions which the defendant would assail as being unconstitutional. (2) The demurrer then alleged that the act is retroactive and unconstitutional "under the constitution of Georgia as contained in article 1, section 3, thereof (Code, § 2-302), in so far as the same applies to said judgment," but did not state *wherein* the statute violates any provision of the constitution. For these two reasons, if not for others, the demurrer was insufficient to raise any question for decision as to the constitutionality of a statute. (1) As to specification of the statute, see *Jones* v. *Oemler*, 110 *Ga.* 202 (2) (35 S. E. 375); *Rooks* v. *Tindall*, 138 *Ga.* 863 (2) (76 S. E. 378); *Spielberger* v. *Hall*, 159 *Ga.* 511 (126 S. E. 391); *Loftin* v. *Southern Security Co.*, 162 *Ga.* 730 (2) (134 S. E. 760). (2) As to the necessity of showing wherein the statute is unconstitutional, see *Pace* v. *Goodson*, 127 *Ga.* 211 (56 S. E. 363); *Crapp* v. *State*, 148 *Ga.* 150 (95 S. E. 993); *Curtis* v. *Helen*, 171 *Ga.* 156 (2-c) (155 S. E. 202); *Williams* v. *McIntosh County*, 179 *Ga.* 735, 741 (177

S. E. 248); *Johns* v. *State,* 180 *Ga.* 187 (3) (178 S. E. 707). "While the constitution declares that legislative acts in violation of its provisions are void, and the judiciary shall so declare them, it is well settled that a legislative act should not be declared unconstitutional unless the point that the act is unconstitutional is squarely made in the case. From this it necessarily follows that this court should never pass upon the constitutionality of a legislative act unless it clearly appears in the record that the point was directly and properly made in the court below and distinctly passed on by the trial judge." *Savannah, Florida & Western Railway Co.* v. *Hardin,* 110 *Ga.* 433, 437 (35 S. E. 681).

For a decision as to the constitutionality of the act mentioned in the present case, see *Bullard* v. *Holman,* 184 *Ga.* 788 (193 S. E. 586).

*Transferred to the Court of Appeals. All the Justices concur.*