POOLE *v*. ARNOLD *et al.*

No. 12596.  MARCH 8, 1939.

738

742

*Cobb & Cobb* and *Talmadge, Fraser & Camp,* for plaintiff in error. *Weekes & Candler* and *Joseph F. Haas,* contra.

ATKINSON, Presiding Justice. The purpose of the suit was to enjoin the operation of a sandwich-stand and outdoor bowling-alley established by the defendant in the residential section in which the homes of the plaintiffs were situated. The alleged grounds of complaint included (1) loud and violent noises which interfered with the peace and quiet of the plaintiffs in their homes, and (2) operation of such establishment for money or profit without a permit from the county commissioners, in violation of the act of the General Assembly approved March 30, 1937 (Ga. L. 1937, p. 625). *Held:*

1. A general demurrer to a petition goes to the whole pleading to which it is addressed, and should be overruled if the petition states a cause of action for any part of the relief sought. *Blaylock v. Hackel,* 164 *Ga.* 257 (5) (138 S. E. 333).

(*a*) As against the general ground of the demurrer, and regardless of any question as to permit, the petition stated a cause of action for injunction to restrain a continuation of the alleged loud and violent noises by which the plaintiffs were disturbed in the peace and quiet of their homes at night. Under the record, no decision is required as to whether a cause of action for greater relief was stated. See Code, §§ 72-101, 72-103; *Hunnicutt v. Eaton,* 184 *Ga.* 485 (191 S. E. 919); *Warren Co.* v. *Dickson,* 185 *Ga.* 481 (195 S. E. 568); *O'Quinn* v. *Homerville,* 42 *Ga. App.* 628 (157 S. E. 109); Hamilton Corporation *v.* Julian, 130 Md. 597 (101 Atl. 558, 7 A. L. R. 746); Krocket *v.* Westmoreland Planing-Mill Co., 274 Pa. 143 (117 Atl. 669, 23 A. L. R. 1404); Phelps *v.* Winch, 309 Ill. 158 (140 N. E. 847, 28 A. L. R. 1169); Edmunds *v.* Duff, 280 Pa. 355 (124 Atl. 489, 33 A. L. R. 719); Higgins *v.* Decorah Produce Co., 214 Iowa, 276 (242 N. W. 109, 81 A. L. R. 1199).

(*b*) The second or special ground of demurrer, which attempted to draw into question the constitutionality of the act of March 30, 1937, did not state or show wherein this statute violates any provision of the constitution, and it was therefore too indefinite to

raise any question as to the constitutionality of such statute. *Pace* v. *Goodson,* 127 *Ga.* 211 (56 S. E. 363) ; *Crapp* v. *State,* 148 *Ga.* 150 (95 S. E. 993) ; *Curtis* v. *Helen,* 171 *Ga.* 156 (155 S. E. 202) ; *Williams* v. *McIntosh County,* 179 *Ga.* 735, 741 (177 S. E. 248) ; *Johns* v. *State,* 180 *Ga.* 187 (3) (178 S. E. 707) ; *Wright* v. *Cannon,* 185 *Ga.* 363 (195 S. E. 168).

(*c*) It follows that the court did not err in overruling the demurrer.

2. Regardless of any issue as to the obtaining of such permit, under the pleadings and the evidence the judge was authorized to grant the interlocutory injunction for the purpose of preventing disturbance of the plaintiffs in their homes by the noises complained of. The judgment being authorized upon this ground, and not disclosing upon its face that it was based upon a different ground, it will not be disturbed because of recitals in the bill of exceptions that it was based solely upon the ground that the defendant had not obtained a permit in accordance with the statute, even though an injunction based exclusively on the latter ground might have been unauthorized, either for the reason that in such case only the solicitor-general could have maintained the action (Code, § 72-202), or for other reason. See *Hendricks* v. *Jackson,* 139 *Ga.* 604 (2) (77 S. E. 816) ; *Frank* v. *State,* 141 *Ga.* 243 (19) (80 S. E. 1016) ; *Dunaway* v. *Gore,* 164 *Ga.* 219 (5) (138 S. E. 213). The order granting an interlocutory injunction was not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*