### HOWELL v. THE STATE.

BELL, Justice. 1. The Supreme Court shall have jurisdiction in all cases where the constitutionality of any law of the State of Georgia is drawn in question (Code, § 2-3005), but in order to raise such a constitutional question it is necessary to set forth the particular statute or provision of law which it is claimed is unconstitutional. *Jones* v. *Oemler*, 110 *Ga.* 202 (2) (35 S. E. 375); *Rooks* v. *Tindall*, 138 *Ga.* 863 (2) (76 S. E. 378); *Spielberger* v. *Hall*, 159 *Ga.* 511 (126 S. E. 391); *Loftin* v. *Southern Security Co.*, 162 *Ga.* 730 (2) (134 S. E. 760); *Wright* v. *Cannon*, 185 *Ga.* 363 (195 S. E. 168).

655

2. Accordingly, where an indictment undertakes to describe in general terms some act of the General Assembly, and the defendant demurs to the indictment upon the ground that there is no such law, but that the law as set forth in the indictment, if there be any such, is fatally defective in that it violates stated provisions of the constitution, the demurrer does not bring into question the constitutionality of any law of this State within the meaning of the constitutional provision as to jurisdiction of the Supreme Court, since it fails to specify any particular statute or provision which it is claimed is unconstitutional.

3. The Court of Appeals, and not the Supreme Court, has jurisdiction of the present case.

*Transferred to the Court of Appeals. All the Justices concur.*

No. 13073. FEBRUARY 15, 1940.

*Randall Evans Jr., Jack D. Evans,* and *James R. Evans,* for plaintiff in error.

*J. Cecil Davis, solicitor-general,* contra.