## ABEL *v.* THE STATE.

No. 13338.   JULY 13, 1940.

*Hallie B. Bell,* for plaintiff in error.

*O. C. Long, solicitor,* and *R. H. Casson,* contra.

BELL, Justice.   By an accusation filed in the city court of Macon, Milo V. Abel was charged with a misdemeanor; for that on September 2, 1938, in Bibb County, Georgia, he did "then and there unlawfully follow the occupation of plumbing for hire and pay, in the county aforesaid, without first registering his name in a book kept by the county health officer for that purpose, and without hav-

ing obtained a bond permit as a plumber, and without furnishing a guarantee bond in the sum of $3000 for the faithful observance of the rules and regulations of the Joint Board of Health of the County of Bibb, and City of Macon, after having been served personally with a copy of said rules approved by three physicians and after said rules have been posted at the court-house door and published in the newspaper in which sheriff's advertisements are published, contrary to the laws of said State, the good order, peace, and dignity thereof." The defendant filed a demurrer to the accusation, which was overruled, and he excepted. The writ of error was made returnable to the Supreme Court, upon the theory that the constitutionality of a statute was drawn in question. If this was not done, the case must be transferred to the Court of Appeals, as it does not otherwise come within the jurisdiction of the Supreme Court. The only grounds of demurrer which might be considered as undertaking to raise any question as to the constitutionality of a statute were the following:

"4. Said statute or the alleged law violated art. 1, sec. 1, par. 1, of the State constitution and the due-process clause of the constitution of the United States."

"6. Defendant demurs to said statute, the same being number 88-201, 88-202, 88-203, 88-204, 88-205, 88-9902 of the Code of the State of Georgia, in that it violates the constitution of the State of Georgia and violates the constitution of the United States, and the statute which said accusation is based upon is in violation of the constitution of Georgia and in violation of the constitution of the United States, and that said statute is unreasonable, uncertain, indefinite, and unenforceable, and therefore invalid, said statute is uncertain, unreasonable, indefinite, vague, and is void."

"8. Defendant demurs to said statute and said accusation and to said alleged charges against this defendant, in that the said statute, same being number 88-201, 88-202, 88-203, 88-204, 88-205, 88-9902, attempts to delegate the powers to members of a certain board, to wit: the county superintendent of schools, the chairman of the board of roads and revenues, and a reputable physician elected by the grand jury of the county, and that said delegation and said powers are illegal and unlawful, and the legislature of the State of Georgia can not delegate its powers to members of boards or to other boards or any other person."

"10. Defendant demurs to said statute and accusation, upon the grounds that the legislature or the General Assembly can not delegate its powers to third parties to make laws, rules and regulations, because the same violates the constitution of Georgia and violates the constitution of the United States; therefore said statute is void and invalid, because said power was delegated by the legislature to a county board of health as set out above in this demurrer."

"21. The said statute and the said alleged charge and said accusation violates art. 3, sec. 1, par. 1, which vests the legislative power of the State in the General Assembly, and the same violates said section, and is void, unreasonable, invalid, and can not be enforced."

In order to raise a question as to the constitutionality of a "law" (Code, § 2-3005), the statute which the party challenges, and the provision of the constitution alleged to have been violated, must both be clearly specified, and it must also be shown wherein the statute violates such constitutional provision. None of the foregoing grounds of demurrer was sufficient to comply with this rule in all respects, and thus to bring the case within the jurisdiction of the Supreme Court. See *Pace* v. *Goodson,* 127 *Ga.* 211 (56 S. E. 363) ; *Harris* v. *State,* 147 *Ga.* 489 (94 S. E. 572) ; *Crapp* v. *State,* 148 *Ga.* 150 (95 S. E. 993) ; *Spielberger* v. *Hall,* 159 *Ga.* 511 (126 S. E. 391) ; *Loftin* v. *Southern Securities Co.,* 162 *Ga.* 730 (2) (134 S. E. 760) ; *Inlow* v. *State,* 168 *Ga.* 377 (147 S. E. 881) ; *Curtis* v. *Helen,* 171 *Ga.* 256 (2 *c, d*) (155 S. E. 202) ; *Jordan* v. *State,* 172 *Ga.* 857 (159 S. E. 235) ; *Wright* v. *Cannon,* 185 *Ga.* 363 (195 S. E. 168) ; *Williams* v. *State,* 187 *Ga.* 415 (2) (1 S. E. 2d, 27) ; *Poole* v. *Arnold,* 187 *Ga.* 734, 742 (1 *b*) (2 S. E. 2d, 83). Ground 4 does not specify any statute or show *wherein* any provision of the constitution has been violated. Grounds 6, 8, and 10 do not designate or specify any provision of the constitution. Ground 21 does not state wherein or in what respect "the said statute" violates the stated provision of that instrument.

In holding that the several grounds of demurrer were defective for reasons indicated, we do not decide upon their sufficiency in other respects. In two grounds, six different and distinct sections of the Code are jointly attacked. Whether or not this was a sufficient specification of statute (*Crapp* v. *State,* 148 *Ga.* 150, 95

S. E. 993; *Glover* v. *Rome,* 173 *Ga.* 239, 160 S. E. 249; *Wright* v. *Cannon,* 185 *Ga.* 363, supra; *Atlantic Loan Co.* v. *Peterson,* 181 *Ga.* 266, 182 S. E. 15), these particular grounds are still inadequate for failure to designate any constitutional provision with which the statute is claimed to be in conflict, and on the whole the demurrer failed to present any question of which the Supreme Court has jurisdiction.

Since a statute is presumed to be valid and constitutional until the contrary appears, and can not be lawfully set aside by the courts unless the alleged conflict with the constitution is plain and palpable, the burden is upon any party who assails it to present his attack in clear and definite terms, in order to call forth judicial action concerning it. In so grave or important a matter as declaring invalid an act of a co-ordinate department of government, the courts will not act upon vague and uncertain charges, and should decline to do so unless and until a clear and specific contention or question is presented for determination. *Mayes* v. *Daniel,* 186 *Ga.* 345 (198 S. E. 535) ; *Savannah &c. Railway Co.* v. *Hardin,* 110 *Ga.* 433, 437 (35 S. E. 681); *Laffitte* v. *Burke,* 113 *Ga.* 1000 (39 S. E. 433) ; *Carswell* v. *Wright,* 133 *Ga.* 714 (4) (66 S. E. 905) ; *Griggs* v. *State,* 3 *Ga. App.* 683 (60 S. E. 364). It is of course the duty of this court to inquire upon its own motion into the question of its jurisdiction. Code, § 2-3005; *Etheridge* v. *Henderson,* 188 *Ga.* 189 (2) (3 S. E. 2d, 674).

From what has been said, the Court of Appeals, and not the Supreme Court, has jurisdiction; and the case will be

*Transferred to Court of Appeals. All the Justices concur.*