FLYNN *et al. v.* THE STATE.

No. 18039.   ARGUED JANUARY 12, 1953—DECIDED FEBRUARY 9, 1953.

*Ben F. Smith, H. Grady Vandiviere* and *Luther C. Hames Jr.,* for plaintiff in error.

*Jas. T. Manning, Solicitor-General,* and *Albert J. Henderson Jr., Assistant Solicitor-General,* contra.

*Harold S. Willingham,* for party at interest.

CANDLER, Justice.   A grand jury indicted Harlee G. Flynn and Mrs. Harlee G. Flynn, charging them with a misdemeanor in Cobb County on July 4, 1951, in that they occupied, used and maintained a building, and carried on a business in Cobb County, Georgia, at a place which had been zoned and restricted for residential purposes only, in violation of an act of the General Assembly, approved January 29, 1943, and entitled "Cobb Planning Commission," and in violation of a regulation and ordinance which the Cobb County Planning Commission had adopted on October 22, 1943, pursuant to the provisions of the planning commission act.   The defendants filed to the indictment a demurrer, which was overruled, and they excepted.   The writ of error was made returnable to the Supreme Court, on the theory that the constitutionality of a statute was drawn in question.   If this was not done, the case must be transferred to the Court of Appeals, as it does not otherwise come within the jurisdiction of the Supreme Court as fixed by article 6, section 2, paragraph 4 of the Constitution of 1945.   Code (Ann.), § 2-3704.   The only grounds of demurrer which might be considered as

undertaking to raise any question as to the constitutionality of the statute involved were the following:

"3. That so much of the acts of the General Assembly of 1943, approved January 29, 1943, and entitled 'Cobb Planning Commission', insofar as same seeks to make a violation of the rules of the Cobb County Planning Commission a misdemeanor, is unconstitutional and void, being an unlawful, unwarranted and unconstitutional attempt on the part of the General Assembly of Georgia to delegate to an administrative body authority to define a crime in violation of Article 1, Section 1, par. 23 of the Constitution of Georgia.

"4. That so much of the acts of the General Assembly of 1943, approved January 29, 1943, and entitled 'Cobb Planning Commission', insofar as same seeks to make a violation of the rules of the Cobb County Planning Commission a misdemeanor, is unconstitutional and void, being an unlawful, unwarranted and unconstitutional attempt on the part of the General Assembly of Georgia to delegate to an administrative body authority to define a crime in violation of Article 3, Section 1, Par. 1 of the Constitution of Georgia, in that they are thereby deprived of life, liberty and property without due process of law.

"5. That so much of the acts of the General Assembly of 1943, approved January 29, 1943, and entitled 'Cobb Planning Commission', insofar as same seeks to make a violation of the rules of the Cobb County Planning Commission a misdemeanor, is unconstitutional and void, being an unlawful, unwarranted and unconstitutional attempt on the part of the General Assembly of Georgia to delegate to an administrative body authority to define a crime in violation of Article 1, Section 1, Par. 3 of the Constitution of Georgia.

"6. That so much of the acts of the General Assembly of 1943, approved January 29, 1943, and entitled 'Cobb Planning Commission', insofar as same seeks to make a violation of the rules of the Cobb County Planning Commission a misdemeanor, is unconstitutional and void, being an unlawful, unwarranted and unconstitutional attempt on the part of the General Assembly of Georgia to delegate to an administrative body authority to define a crime, in conflict with the Fourteenth Amendment to the Constitution of the United States.

"7. That said acts of the General Assembly of Georgia, approved January 29, 1943, entitled 'Cobb Planning Commission', are void and unconstitutional in that said acts fail to fix or establish any standard or define any limits within which the said Cobb County Planning Commission must act in promulgating rules.

"13. Defendants further demur to said indictment upon the ground that said act is in violation of the provisions of the Constitution of the State of Georgia, to wit: article 3, section 7, par. 8, insofar as the same attempts to provide for the establishment, definition and designation of a misdemeanor, the intent of the General Assembly and the caption of said act declaring that the same was enacted for the purpose of establishing a Cobb Planning Commission and to include therein the definition, establishment and promulgation of certain acts as a criminal offense, and would be to construe said Act as containing more than one subject matter, in violation of the article, section, and paragraph above set forth."

Article 1, section 4, paragraph 2 of the Constitution of 1945 provides: "Legislative acts in violation of this Constitution, or the Constitution of the United States, are void, and the judiciary shall so declare them." Code (Ann.), § 2-402. A law is void or not void as measured by this clause of the Constitution. *Wright* v. *Hardwick*, 152 *Ga.* 302, 316 (109 S. E. 903). Since the legislature, as well as the courts, is bound by the Constitution, and the members of that body, like ourselves, are sworn to support, uphold, and maintain it, and since all presumptions favor the constitutionality of an act of the legislature, it is a grave matter for the courts to set aside as being void an act of that co-ordinate department of government, and vague, uncertain, and indefinite attacks upon such acts will not be considered. *Dade County* v. *State of Georgia*, 201 *Ga.* 241 (39 S. E. 2d, 473). In order to raise a question as to the constitutionality of a "law", at least three things must be shown: (1) the statute or the particular part or parts of a statute which the party would challenge must be stated or pointed out with fair precision; (2) the provision of the Constitution which it is claimed has been violated must be clearly designated; and (3) it must be shown wherein the statute, or some designated part

of it, violated such constitutional provision. *Pace* v. *Goodson,* 127 *Ga.* 211 (56 S. E. 363); *Rooks* v. *Tindall,* 138 *Ga.* 863 (2) (76 S. E. 378); *Crapp* v. *State,* 148 *Ga.* 150 (95 S. E. 993); *Wright* v. *Cannon,* 185 *Ga.* 363, 364 (195 S. E. 168); *Abel* v. *State,* 190 *Ga.* 651 (10 S. E. 2d, 198); *Emerson* v. *Southwest Ga. Reg. Housing Authority,* 196 *Ga.* 675 (27 S. E. 2d, 334); *Stegall* v. *Southwest Ga. Reg. Housing Authority,* 197 *Ga.* 571, 582 (30 S. E. 2d, 196); *Dade County* v. *State of Georgia,* supra. Nothing less than this would comport with the requirement of good pleading, to the effect that a party must plainly, fully, and distinctly set forth his cause of action, legal or equitable. Code, § 81-101. Measured by the foregoing rules, how stands the present case? We do not apprehend that the pleader intended to draw into question the constitutionality of the act as a whole; it is not so argued by counsel, and, in cases where the constitutionality of an act was challenged in its entirety, it has been said repeatedly by this court that the attack was not good and would consequently fail unless the act so challenged was invalid in every part for some reason alleged. *Atlantic Loan Co.* v. *Peterson,* 181 *Ga.* 266 (182 S. E. 15); *Miller* v. *Head,* 186 *Ga.* 694 (198 S. E. 680); *Stegall* v. *Southwest Ga. Reg. Housing Authority,* supra. So, in this case the pleader's attack must be construed as an effort to draw into question the constitutionality of several different parts of the planning act not specifically pointed out in the demurrer, and thus to place upon us the burden of examining the act section by section and sentence by sentence, though it is rather lengthy, so as to find, if there are in fact contained therein, those several provisions about which complaint is made. And, as we understand the rule of good pleading, such is not required of us. However, looking at and considering the challenge generally, grounds 3, 4, 5, and 6, alleging that "so much of the acts of the General Assembly of 1943, approved January 29, 1943," and "insofar as same seeks" enactment of unconstitutional "law", are not definite and positive allegations by the pleader that any particular part of the act does in fact accomplish such invalid result. The words "insofar as same seeks," referring as they do to unspecified parts of the act, are not at all inconsistent with the legal presumption that the act does not to any extent undertake an accomplishment of

the unlawful objects complained of; and, where an allegation is equivocal, doubtful, or subject to different interpretations, it will be construed most strongly against the pleader. *Hoffman* v. *Chester,* 204 *Ga.* 296, 307 (49 S. E. 2d, 760). Ground 7, likewise, presents no constitutional question which we may consider; and this is true since no provision of the Constitution allegedly violated is there designated. And ground 13 of the demurrer is insufficient to raise a constitutional question because it fails to point out with the required degree of certainty that part or those parts of the act which are allegedly different from what is expressed in the title of the act. Until a clear, definite, and specific attack is made upon the constitutionality of the act as a whole, or upon the constitutionality of a specifically pointed out part or parts of it, this court must and will decline to deal with its validity, such being a well-settled rule of pleading, practice, and procedure in this State. It is always the duty of this court, without motion of a party, to inquire into and consider the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction; and the present case is one calling for such inquiry. *Brockett* v. *Maxwell,* 200 *Ga.* 213 (36 S. E. 2d, 638); *Milwaukee Mechanics' Ins. Co.* v. *Davis,* 204 *Ga.* 67 (48 S. E. 2d, 876).

From what has been said, the Court of Appeals, and not the Supreme Court, has jurisdiction of the instant case; and it is, accordingly,

*Transferred to the Court of Appeals. All the Justices concur except Atkinson, P. J., and Wyatt, J., not participating.*