20680. ADAMS *et al.* v. RAY *et al.*

ARGUED OCTOBER 13 AND 14, 1959—DECIDED JANUARY 8, 1960—
REHEARING DENIED FEBRUARY 11, 1960.

*Bloch, Hall, Groover & Hawkins, Moise, Post & Gardner, Irving K. Kaler,* for plaintiffs in error.

*Eugene Cook, Attorney-General, G. Hughel Harrison, Assistant Attorney-General,* contra.

WYATT, Presiding Justice. 1. The petition in this case attempts to attack an act of the General Assembly as being unconstitutional by designating the law under attack as "The Structural Pest Control Act (Ga. Laws 1955, p. 564) as amended." "Ground 4 of the demurrer complains that the act and amendments thereto under which the petition is brought are unconstitutional, in that the same are in violation of the provisions of article 1, section 1, and article 2, section 1, and article 3, section 1, of the Constitution of the United States, and the 5th Amendment to said Constitution, and further violate article 4, section 2, and the 7th Amendment to said Constitution of the United States."

"In order to raise a question as to the constitutionality of a 'law' (Code, Ann. Supp., § 2-3704), the statute which the party challenges, and the provision of the Constitution alleged to have been violated, must both be clearly specified, and it must also be shown wherein the statute violates such constitutional provision. *Abel* v. *State,* 190 *Ga.* 651 (10 S. E. 2d, 198); *Dade County* v. *State of Georgia,* 201 *Ga.* 241, 245 (2b) (39 S. E. 2d, 473); *Price* v. *State,* 202 *Ga.* 205 (1 ) (42 S. E. 2d, 728)." *Krasner* v. *Rutledge,* 204 *Ga.* 380, 382 (49 S. E. 2d 864).

"In order to raise a question as to the constitutionality of a 'law' (Code, § 2-3005), the statute which the party challenges, and the provision of the constitution alleged to have been violated, must both be clearly specified, and it must also be shown wherein the statute violates such constitutional provision . . . Since a statute is presumed to be valid and constitutional until the contrary appears, and can not be lawfully set aside by the courts unless the alleged conflict with the constitution is plain and palpable, the burden is upon any party who assails it to present his attack in clear and definite terms, in order to call forth judicial action concerning it. In so grave or important a matter as declaring invalid an act of a co-ordinate department of government, the courts will not act upon vague and uncertain

charges, and should decline to do so unless and until a clear and specific contention or question is presented for determination." *Abel* v. *State*, 190 *Ga*. 651, 653 (10 S. E. 2d 198).

"In order to raise a question as to the constitutionality of a 'law,' at least three things must always be shown: (1) The statute or part of a statute which the party would challenge must be stated, or pointed out with fair precision; (2) the provision of the Constitution which it is claimed has been violated must be clearly designated; and (3) It must be shown wherein the statute violated such constitutional provision. . . Nothing less would comport with the requirement of good pleading, to the effect that a party shall plainly, fully, and distinctly set forth his cause of action, legal or equitable." *Dade County* v. *State of Georgia*, 201 *Ga*. 241, 245 (39 S. E. 2d 473).

"If we were at liberty to consult our personal inclinations, we might find ourselves endeavoring to oblige, by deciding all of the questions referred to in the petition and discussed in the briefs. Also, it may be desirable, in the public interest, to have all of these questions, or such of them as may remain unsettled, finally and expeditiously determined, and in neither brief do we find any suggestion that we may not now determine them. For reasons, however, that are deemed compelling, we are unable to treat the case as counsel have treated it. We refer to certain well-established principles which must be considered in dealing with attacks upon the constitutionality of statutes, and with other matters that are here involved.

"It is a grave matter for this court to set aside an act of the coordinate legislative department, and vague and indefinite attacks cannot be considered. *Savannah, Florida & Western Ry. Co.* v. *Hardin*, 110 Ga. 433, 437 (35 S. E. 681). In order to raise a question as to the constitutionality of a 'law' (Code, § 2-3005), at least three things must always be shown: (1) the statute or part of a statute which the party would challenge must be stated, or pointed out with fair precision; (2) the provision of the constitution which it is claimed has been violated must also be clearly designated; and (3) it must be shown wherein the statute violates such constitutional provision. . . Nothing less would comport with the requirement of good pleading, to the effect

that a party shall plainly, fully and distinctly set forth his cause of action, legal or equitable. Code, § 81-101. While the petition here may have met the second and third requirements above mentioned, none of the attacks were sufficient to meet the first requirement." *Stegall* v. *Southwest Georgia Regional Housing Authority*, 197 *Ga.* 571, 582 (30 S. E. 2d 196).

The rule of law stated in the above-quoted cases has been followed in many other decisions of this court which could be cited. We deem the above to be sufficient. In the instant case, the petition attacks the law of 1955 "as amended." When was it amended? Where was it amended? How was it amended? The petition does not attempt to provide any of this information. Certainly, an act of the legislature can be amended only by an act of the legislature. The petition shows that the act under consideration has at some time been amended in some way, and there is no attack upon any amendment that will meet the requirements of the decisions.

The attempt to attack the 1955 act must fail since the petition shows that the act is not now the law because it has at some time been amended in some way. Certainly this does not meet the requirement that, in order to raise properly a constitutional question, "the statute or part of a statute which the party would challenge must be stated, or pointed out with fair precision."

The attempt to quote certain provisions of the law under attack must fail for the same reasons. There is no way to tell from the allegations of the petition whether or not the quoted portions are from the 1955 act or from some amendatory legislation. Certain of the quoted provisions do not appear at all in the 1955 act, supra. The rule under consideration requires that the attack upon a statute be perfect within itself. In other words, the attack must be such as to point out definitely the act or portion of the act under attack. This the petition does not do.

It is contended that this court is required to take judicial notice of the acts of the General Assembly. This, as a general proposition, is true. But when an attack is made upon an act as being unconstitutional, no such rule applies. The court in that instance is permitted to look only at what is plainly and specifically alleged in the petition. If this were not true, all that

would be necessary in any case would be simply to say that an act of the General Assembly is unconstitutional, and it would then be the duty of the court to examine the law and determine that question. Surely, no such rule would ever be permitted in determining the important question of the constitutionality of a law enacted by the General Assembly. This court has repeatedly held that an attack upon a section of the annotated Code which has been incorporated in the Code since the adoption of the Code of 1933 is not an attack upon the constitutionality of any law. Certainly, if the rule of judicial notice is to be applied in determining the sufficiency of an attack upon the constitutionality of a law, this court could very easily determine the law sought to be attacked by referring to the annotated Code section. This court has consistently refused to do so. We therefore hold that the attack upon "The Structural Pest Control Act (Ga. Laws 1955, p. 564) as amended" is insufficient to raise any constitutional question as to any act of the General Assembly.

2. It is contended that paragraphs 19 and 20 of the petition attack certain regulations of the commission upon the ground that the Structural Pest Control Act does not authorize the regulations. Taking into consideration all that is alleged in these paragraphs, it is doubtful that this question is raised, outside of the constitutional question. However, giving the pleader the benefit of the doubt, we will pass upon that question.

Since we have already ruled that no constitutional question is properly raised, we simply have the naked question of whether or not the act authorizes the adoption of the regulations in question. Section 6 of the act of 1957 (Ga. L. 1957, p. 299, 303), amending section 11 of the 1955 act, supra, provides: "Section 11. (a) A license or registration may be suspended or revoked by the majority vote of the commission, after notice and hearing, for any violation of this Act or any rule or regulation promulgated hereunder." Section 6 of the 1955 act, supra, provides: "The commission is hereby authorized and required to: a. Make such reasonable rules and regulations as may be necessary to protect the interest, health and safety of the public and to insure the efficiency of operators to carry out the provisions of this Act. Such rules and regulations shall not be effective until a public

hearing shall have been granted and notification of such hearings have been made to all licensees." Under the authority of the acts of the General Assembly, the Structural Pest Control Commission promulgated the following regulation: "Misleading advertising in any form is prohibited." A mere reading of the quotations will disclose beyond doubt that the commission, under the plain provisions of the acts, had authority to promulgate this regulation.

3. From what has been said above, it follows that the judgment complained of was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*