### 24114. GEORGIA POWER COMPANY v. CITY OF CEDARTOWN.

GRICE, Justice. This is a suit by a municipality seeking a declaratory judgment that an electric power company's franchise to operate in the city is invalid for lack of authority of the city when it purported to grant such franchise. In its answer the power company, among other matters, asserted that the transaction whereby it had obtained the franchise was authorized by the city's charter and also had been recognized and ratified by specified Acts of the General Assembly. The trial court overruled the power company's demurrers to the municipality's petition, sustained all except one of the municipality's demurrers to the power company's answer, and dismissed the answer.

In the appeal from such rulings it is claimed that this court has jurisdiction because constitutional questions are raised by the municipality's demurrers to several portions of the power company's answer, which demurrers were sustained and error enumerated thereon. Insofar as this question of jurisdiction is concerned, all of these grounds of demurrer are substantially the same. They assert, in essence, that the Acts of the General Assembly referred to in specified portions of the answer, "to the extent that they had the effect, alleged in said answer, to recognize and ratify a municipal ordinance purporting to grant a franchise" violate designated provisions of the State Constitution. Other grounds of the municipality's demurrer, however, urged that the Acts did not have such effect.

The attempted constitutional attacks are subject to the same defects as those ruled upon by this court in *Richmond Concrete Products Co. v. Ward,* 212 Ga. 773, 775 (95 SE2d 677). There, it was contended that a certain chapter of the Code was unconstitutional "insofar as it attempts to penalize defendant corporations for . . ." This court held that no constitutional question was raised since the above quoted

words "are not a definite and positive allegation by the pleader that any particular part of the chapter . . . does in fact accomplish such invalid result," and "are not at all inconsistent with the legal presumption that the chapter . . . does not to any extent undertake an accomplishment of the unlawful object complained of; and where an allegation is equivocal, doubtful, or subject to different interpretations, it will be construed most strongly against the pleader." See also, *Gormley v. Searcy*, 179 Ga. 389, 397 (175 SE 913); *Dade County v. State of Georgia*, 201 Ga. 241, 245-246 (39 SE2d 473); *Flynn v. State*, 209 Ga. 519 (74 SE2d 461).

Since there is no basis for this court's jurisdiction, the case is *Transferred to the Court of Appeals. All the Justices concur.*

ARGUED JUNE 12, 1967—DECIDED JUNE 22, 1967—REHEARING-DENIED JULY 6, 1967.

*Troutman, Sams, Schroder & Lockerman, William H. Schroder, Tench C. Coxe, Harold C. McKenzie, Jr., Milton A. Carlton, Jr., Rogers, Magruder & Hoyt, Jack Rogers,* for appellant.

*Glenn T. York, Jr., Matthews, Maddox, Walton & Smith, John W. Maddox,* for appellee.