## 26669: LEWIS v. THE STATE.

HAWES, Justice. The defendant was convicted of the offense of burglary. He appealed to this court enumerating as one of his grounds of alleged error the overruling by the trial court of an oral objection to evidence wherein he sought to raise the issue of the constitutionality of "the Acts of 1970, the procedural act that we're traveling under at this time." The grounds of his objection to the evidence were that the said Act is "unconstitutional on the ground there [sic] that it is vague, indefinite, and does not set out in detail the procedure which the State

is required to serve the defendant with notice of what crime he is alleged to have previously participated in or of what convicted." The objection then continued setting out somewhat in detail the basis of movant's objection that the Act referred to is vague and indefinite. Nowhere in said motion, however, did counsel for the movant point out to the court the act or acts which he contended violated the Constitution other than to refer to "the Acts of 1970," and nowhere did he state whether he was relying upon a violation of the State or of the Federal Constitution or of both, or what particular provision of the State or Federal Constitution he contended the challenged law violated. "In order to raise a question as to the constitutionality of a 'law', at least three things must be shown: (1) the statute or the particular part or parts of a statute which the party would challenge must be stated or pointed out with fair precision; (2) the provision of the Constitution which it is claimed has been violated must be clearly designated; and (3) it must be shown wherein the statute, or some designated part of it, violated such constitutional provision." *Flynn v. State,* 209 Ga. 519, 521 (74 SE2d 461). The attempted attack on the constitutionality of the "Acts of 1970" utterly failed to meet the first two of these requirements, if not in fact the third, also, and was, therefore, insufficient to draw in question before the trial court the constitutionality of any law of the State of Georgia or of the United States. The question not having been raised properly in the trial court, the enumeration of the overruling of the oral motion or objection to evidence as a ground of error in the appeal to this court is insufficient to invoke any such question before this court. The case not otherwise being one within the jurisdiction of this court (*Code Ann.* § 2-3704; Ga. L. 1968, pp. 1249, 1287; *Code Ann.* § 26-1601), the appeal must be transferred to the Court of Appeals. See *Inlow v. State,* 168 Ga. 377 (147 SE 881); *Abel v. State,* 190 Ga. 651 (10 SE2d 198); *Mullis v. State,* 197 Ga. 550, 553 (30 SE2d 99); and *Wright v. State,* 217 Ga.

453, 456 (122 SE2d 737).

*Transferred to the Court of Appeals. All the Justices concur.*
ARGUED SEPTEMBER 13, 1971—DECIDED OCTOBER 7, 1971.

*M. C. Pritchard, J. Laddie Boatright,* for appellant.

*Dewey Hayes, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Mathew Robins, Assistant Attorneys General,* for appellee.